**WILSON v. TRINIDAD CORP.**

United States District Court
S. D. New York.

Jan. 16, 1951.

Purdy, Lamb & Catoggio, New York City, for plaintiff, by Thomas J. Irving, New York City.

Bigham, Englar, Jones & Houston, New York City, for defendant, by John J. Martin, New York City.

McGOHEY, District Judge.

Plaintiff seeks to examine, as a party, the master of the defendant's vessel on which plaintiff's intestate met his death at sea. The defendant has heretofore produced the master for examination, but only as a witness. The defendant insists that the master is not a "managing agent" of the defendant as the plaintiff contends.

The plaintiff's intestate died as a result of injuries sustained at sea while serving on board the defendant's vessel. The defendant does not claim that it had any officer or agent on board superior in authority to the master, or that the master was required to communicate with anyone ashore for instructions in the management or control of the vessel. It is suggested that in modern times a ship's master has less authority than in the days of sail. However that may be, there is nothing to show that the authority of the master in this case was less than is customary for a master at sea. He was, in my opinion, the

defendant's managing agent in full control of the ship at the time of the alleged injuries and death of the plaintiff's intestate.

The motion is accordingly granted.

Settle order.