**Woodruff WARREN, Plaintiff,**

v.

**UNITED STATES of America,
Defendant.**

United States District Court
S. D. New York.

June 3, 1955.

Engelman & Hart, New York City, for plaintiff.

J. Edward Lumbard, U. S. Atty:, S. D. New York, New York City,· by Morton S. Robson, New York City,· for defendant.

WEINFELD, District Judge.

The defendant, United States of America, moves for an order pursuant to Rule 30(b) of the Federal Rules of Civil Procedure, 28 U.S.C., to vacate plaintiff's notice to take its deposition.

The suit is brought under the Federal Tort Claim Act, 28 U.S.C. § 1346(b), to recover damages for injuries which plaintiff alleges he received while repairing a regulator in a gun turret located at the United States Naval Proving Grounds, Dahlgren, Virginia.

The plaintiff has had great difficulty in obtaining information as to the operation of the turret, the location of the projectile in the transfer tray, and certain mechanical aspects of the operation of the tray, all of which are relevant to the subject matter of his claim. He has received, pursuant to an inspection and discovery order previously issued, a copy of the defendant's investigator's report which indicates that to establish his case plaintiff must show the relationship between the filing down of the projectile's rotating band and the effectiveness of the projectile retaining latch. Plaintiff has finally obtained the names of two high ranking naval officers who, it is asserted, have the necessary information, and it is they whom he seeks to examine. One is Chief, the other Civil Chief, of the Gun Mount and Missile Division, Navy Bureau of Ordinance.

The Government concedes that these officers may be examined as witnesses but contends that it, the Government, may not be examined as a party through them. In substance, its position is that Rule 26 of the Federal Rules of Civil Procedure makes no provision for the taking of the deposition of the United

States of America by any person; that subdivision [d] [2] of Rule 26, which provides for the taking of the deposition of an officer, director or managing agent of a public or private corporation, partnership or association, has no applicability to the Government. No authority is advanced to sustain this proposition. On the contrary, it disregards or overlooks the history of the Federal Tort Claims Act and cases which uphold the view that the Government as a party to a civil litigation "is bound by the same rules which apply to all other litigants except as the law may otherwise expressly provide".[1]

■ The Reviser's note to the Federal Tort Claims Act, now Section 1346(b) of Title 28, formerly Section 932, specifically states that in all actions brought thereunder the practice and procedure "shall be in accordance with the rules promulgated by the Supreme Court pursuant to the Act of June 19, 1934." Finally it is significant that Congress, in waiving sovereign immunity from suit specifically provided for certain exceptions, viz., trial by court without jury, 28 U.S.C. § 2402; nonliability for interest prior to judgment; nonliability for punitive damages, 28 U.S.C. § 2674; and exemption from liability for many other specified claims, 28 U.S.C. § 2680. Thus it is beyond cavil that had Congress intended to exempt the Government from the ordinary processes of a civil suit, it would have so provided. Finally, the Supreme Court has stated that "The Tort Claims Act expressly makes the Federal Rules of Civil Procedure applicable to suits against the United States".[2] The plea that the Government is immune from examination as a party under Rule 26 is without substance.

■ The Government next contends that the two officers sought to be examined are neither officers or managing agents. Undoubtedly they are not officers of the defendant in the ordinary sense of that word and as used in Rule 26. They are, however, the highest ranking officers of the Department which had immediate charge and supervision of the construction, operation and maintenance of the turret. May they be classified as managing agents? A managing agent is one "invested by the corporation with general powers to exercise his judgment and discretion in dealing with corporate matters; he does not act 'in an inferior' capacity under close supervision or direction of 'superior authority.' He must be a person who has 'the interests of the corporation so close to his heart that he could be depended upon to carry out his employer's direction to give testimony at the demand of a party engaged in litigation with the employer.' "[3]

Here the Government does not suggest that any person or persons in higher authority than the two sought to be examined are in charge of the particular matter or possessed of the information as to which the examination is sought. Upon the record, they appear to be persons of "superior authority" insofar as the turret, its construction and operation is concerned.[4] Accordingly they may be examined as managing agents.

The motion to vacate the notice to take the defendant's deposition is denied.

Settle order on notice.

1. United States v. Jerome, D.C.S.D.N.Y., 16 F.R.D. 137, 138; Beasley v. United States, D.C.E.D.S.C., 81 F.Supp. 518; Daitz Flying Corporation v. United States, D.C.E.D.N.Y., 4 F.R.D. 372.

2. United States v. Reynolds, 345 U.S. 1, 6, 73 S.Ct. 528, 97 L.Ed. 727; United States v. Yellow Cab Co., 340 U.S. 543, 553, 71 S.Ct. 399, 95 L.Ed. 523.

3. Krauss v. Erie R. Co., D.C.S.D.N.Y., 16 F.R.D. 126, 127, and cases there cited.

4. No attempt has been made to rebut the apparent prima facie, if not superior, authority of the officers to act in all matters pertinent to the subject matter of the inquiry. Cf. Phelan v. Middle States Oil Co., 2 Cir., 220 F.2d 593.