360 P.2d 202

**Durward K. PATTERSON and Johnie Lee Patterson, his wife, Appellants,**

**v.**

**Amos H. CHENOWTH and Ladorna Chenowth, his wife, Appellees.**

No. 6769.

Supreme Court of Arizona.

March 8, 1961.

McCarty, Chandler & Udall, Tucson, for appellants.

W. Shelley Richey, Douglas, for appellees.

LOCKWOOD, Justice.

Plaintiffs, appellees herein, sued the defendants, appellants herein, for damages for the burning of a stack of plaintiffs' grain. A jury rendered a verdict in favor of the plaintiffs and against the defendants in the sum of $4,400. The defendants, who had moved for a directed verdict, then moved for judgment n. o. v., or in the alternative for a new trial. Both of these motions were denied. From the judgment and the order denying their motions defendants have taken this appeal.

The evidence appears to be as follows: The defendant Durward K. Patterson had an agreement with Casa Grande Warehouse Company to haul grain from plaintiffs' ranch. Patterson drove his truck to plaintiffs' ranch, where he parked it some distance from the grain stack, and told the plaintiff Amos Chenowth to move it wherever it was needed. He knew at the time there was a broken heater switch on the truck, and that the carburetor had been flooding for several days previously, but he did not mention this condition to the plaintiffs or any of their employees. Plaintiff Chenowth moved the truck about three days thereafter to a spot near a grain stack, and approximately two to two and one-half hours later a fire was noticed under the truck. The fire started from a short in the broken wiring of the heater switch, and "dripped down" onto chaff under the truck, which ignited and spread the fire to the grain stack.

Defendants assert that the trial court erred: (1) In allowing the witness Austin to testify as to his opinion as to the cause of the fire; (2) in refusing to strike the opinion testimony of the witness Austin; and (3) in refusing to grant defendants' motion for a directed verdict at the conclusion of plaintiffs' case, and in refusing to grant defendants' motion for judgment. n. o. v.

Defendants advance the proposition of law that a bailor's duty to a bailee is to use ordinary care to see that equipment is in a reasonably safe condition, presumably in support of their third assignment of error. With this proposition we are in agreement. Casey v. Beaudry Motor Co., 83 Ariz. 6, 315 P.2d 662. Nor is it denied that the relationship between plaintiffs and defendants was that of bailor and bailee. The record shows that the defendant Patterson knew of the defective condition existing in his truck at the time it

was delivered onto plaintiffs' land. He knew that if the ignition were turned on when the broken wires were hanging down, that a short might occur. The wiring and the broken switch were under the dash board. Defendant did not tell the plaintiff or any of his employees of the defective condition of the truck. Under such circumstances, there was sufficient evidence to submit to the jury for its determination whether or not the defendant as bailor used ordinary care to see that his truck was in a reasonably safe condition at the time he left it on the plaintiffs' property.

Defendants' objection regarding lack of foundation appears to be that Austin had not examined the truck immediately before the fire occurred, and that because the fire had destroyed some of the insulation and had charred the wires, the "machinery was not in the same condition when examined as it was at the time of the accident". While it is true that there must be a foundation upon which the expert can base his opinion, it is not essential that the foundation evidence come from the expert himself. Manney v. Housing Authority of City of Richmond, 79 Cal.App.2d 453, 460, 180 P.2d 69, 73. In the instant case, the testimony of the defendant himself was that the heater switch was broken and that at least one "hot" wire was exposed when he left the truck on plaintiffs' property. The witness Austin testified that he was a mechanic of some twenty years' experience, particularly in electrical and wiring systems of automobiles and trucks; that he had arrived at the scene while the truck was burning; that he saw fire "dripping down" under the truck; that as soon as the fire was extinguished from the truck, he examined it personally; that there was a broken heater switch; that the wiring under the dashboard was burned and charred, and the insulation burned off; that from his personal examination and observation he was of the opinion that the fire started from a short in the wiring in connection with the broken heater switch. We believe there was sufficient foundation as to the condition of the switch and wiring before and after the fire to permit the witness Austin to give his opinion as an expert regarding the cause of the fire in the truck. "If the case is one for expert testimony this is so not because the expert has witnessed the facts, but because he is qualified by reason of his special knowledge to form an opinion on the facts while the ordinary juror is not." Manney v. Housing Authority of City of Richmond, supra: George v. Bekins Van & Storage Co., 33 Cal.2d 834, 843–844, 205 P.2d 1037, 1043–1044; Gallichotte v. California Mut. Bldg. & Loan Ass'n, 23 Cal.App.2d 570, 74 P.2d 73, 535.

Defendants further urge that the witness Austin's opinion was based upon a guess or conjecture, and cite cases holding that opinions based on a guess, conjecture or possibility are not competent evidence.

These are not in point, for Austin's opinion does not fall in this classification. He stated that his opinion was based upon his own observation; that there was no doubt in his mind that the fire was caused by a short where the wires went from the heater switch to the ignition switch. Under cross examination the witness stated that "you can *surmise* there what happened very clearly. In other words *visualize*." The court asked the witness, "That is an opinion?" and the witness replied "An opinion". The court then said, "It is a possibility, is that what it is?" The witness said, "Yes". The court said, "An opinion and possible". The witness admitted that he did not actually see the short occur, but he repeated many times that it was his *opinion* that a short had occurred where the wires went from the heater switch to the ignition switch, causing the fire. We fail to see that such answers meant that the witness's opinion was based merely upon a guess or conjecture, but indicated on the contrary that it was his opinion based upon his own observations. We find no merit in plaintiffs' assignments of error I and II.

■ Defendants maintain that there was no showing of the proximate cause of the fire in the grain stack. They properly urge that the proximate cause of an injury must be the natural and probable result of the negligence, and of such character as an ordinarily prudent person should foresee might probably occur as a result. The evidence shows that the truck was burning; that the fire was "dripping down" below the truck; that the fire spread through the chaff on the ground over to the grain stack; that the cause of the fire was a short in the heater switch. Defendant, who had been a farmer and had also hauled grain with his truck as an incidental business, had been employed to haul plaintiffs' grain to the Casa Grande Warehouse Company. He testified he was aware of the defective condition of his truck, and that it might cause a short. The defective switch and wiring was under the dash board, not plainly visible upon inspection, and defendant did not call such condition to the attention of the plaintiff or his employees. The witness Austin testified in his opinion the fire started in the defective switch and wiring, that it "dripped" on the ground where there was chaff, and spread over the chaff to the adjacent stack of grain which was ultimately almost entirely consumed by the fire. We are of the opinion that there was sufficient competent evidence for the jury to determine whether or not the defendant was negligent and whether his negligence was the proximate cause of the burning of the grain stack.

For the foregoing reasons, the orders and the judgment of the trial court are affirmed.

STRUCKMEYER, C. J., BERNSTEIN, V. C. J., and UDALL, J., concur.