407 P.2d 412

**BOGARD GMC CO., an Arizona corporation,**
**Appellant,**

v.

**Millard A. HENLEY, Appellee.***

**No. 2 CA–CIV 89.**

Court of Appeals of Arizona.

Nov. 1, 1965.

Review Denied Dec. 14, 1965.

---

* This appeal was filed with the Arizona Supreme Court and assigned that Court's Number 8241. The matter was referred to this Court pursuant to § 12–120.23 A.R.S.

---

Murphy & Vinson, by James M. Murphy, Tucson, for appellant.

Silver, Silver & Ettinger, by Jack A. Ettinger, Tucson, and Whitehill, Feldman, Scott & Berger, by Stanley G. Feldman, Tucson, for appellee.

HATHAWAY, Judge.

The plaintiff, Millard A. Henley, obtained a verdict and judgment in the sum of $72,000 in a personal injury action against the defendant for injuries incurred in an accident on December 12, 1957.

This case has been tried three times. The first trial in 1959 resulted in a verdict and judgment in favor of the plaintiff. The judgment was reversed on appeal [1] and remanded for a new trial which resulted in a hung jury. The appeal which we are presently considering is from the verdict and judgment rendered on the third trial. The pertinent facts are as follows.

Plaintiff, a truck driver employed by Butane Corporation in Tucson, was injured when the truck he was driving ran into a dirt embankment on the side of the road. The truck had been taken to the defendant's garage for brake repair work on several occasions prior to the accident. It was left overnight on December 11, and picked up by the plaintiff on the morning of December 12, the date of the accident. The plaintiff took the truck out for the purpose of making a delivery, had difficulty with the brakes and returned to the defendant's repair shop complaining that the truck pulled to the left on application of the brakes. He left the truck at the repair shop, picked it up later the same day and proceeded to make delivery of Butane gas. Finding the brakes still were not performing satisfactorily, he telephoned defendant's repair shop and was told to bring the truck back.

While enroute to the repair shop, the plaintiff was proceeding in an easterly direction on Ajo Road at a speed of between 30 and 35 miles per hour when a small dog ran in front of the plaintiff's truck. The plaintiff stepped on the brake pedal in an effort to avoid hitting the dog. He testified that the braked vehicle swerved sharply to the left, throwing him across the cab and against the door on the right side of the cab; that the truck veered off the road on the left and hit a dirt embankment. The accident occurred along a flat, level, paved road, running easterly and westerly. The truck laid down approximately 34 feet of skid marks which curved in a northeasterly direction. The truck had dual rear wheels and single front wheels. The skid marks were from single wheels.

After the accident the wheels were disassembled and the only defects found in

---

1. Bogard G. M. C. Co. v. Henley, 92 Ariz. 107, 374 P.2d 660 (1962).

the entire braking system were the following in the left rear wheel: a broken return spring; a Woodruff key, which was out of place; a worn place on the band, or webbing, near the location that the Woodruff key would ordinarily have occupied.

The principal contentions of error urged by defendant are:

1. The plaintiff was allowed to submit a hypothetical question based on facts not in evidence, facts which were controverted, facts given to the expert by the plaintiff's attorney prior to trial, and assumptions of mere possibilities.

2. The damages awarded by the jury were excessive.

3. The plaintiff's physician was allowed to testify to findings made by another expert not called to testify, who was not subject to cross examination, and whose report was neither offered during the course of the trial nor made available.

4. The trial court refused to instruct the jury concerning the operator's duty to control the motor vehicle in emergencies; the duty to avoid colliding with others on the highway.

5. The trial court allowed the defendant's service manager to be examined as an adverse witness under Rule 43 (g), Arizona Rules of Civil Procedure.

■ The defendant complains that the hypothetical question is based on facts not in evidence. On examining the record, we find that the evidentiary basis provides a sufficient foundation for the question. An expert's personal observation of the facts is not required—he can base his opinion on facts testified to by other witnesses. Kastner v. Los Angeles Metropolitan Transit Auth. (Cal.) 45 Cal.Rptr. 129, 403 P.2d 385, 388 (1965); Gilbert v. Quintet, 91 Ariz. 29, 32, 369 P.2d 267 (1962). With respect to defendant's contention that the question was based upon controverted facts, we find no authority cited in its brief establishing the impropriety of such a foundation. We hold that so long as there is evidence reasonably tending to prove facts relied upon in posing the hypothetical question, such is sufficient. Lyon v. Dr. Scholl's Foot Comfort Shops, 251 Minn. 285, 87 N.W.2d 651, 658 (1958); See also Gilbert v. Quintet, supra. As stated by Professor Wigmore:

"There could be no reason in confining the hypothetical question to the undisputed facts, * * *". 2 Wigmore on Evidence (3rd Edition), § 682(c), p. 810.

■ We see no merit to defendant's objections that the plaintiff's expert witness based his opinion upon facts given to him by the plaintiff's attorney prior to his testifying. It is preposterous to expect that counsel would put such a witness on the stand without having first thoroughly discussed with him points relating to his testimony.

■ Defendant complains that the expert witness was allowed to testify as to mere possibilities. We find no error in this respect. The witness' use of the word "possibility" did not ipso facto render his testimony conjectural since his general conclusions on causation were given as definite opinions. See Patterson v. Chenowth, 89 Ariz. 183, 186, 360 P.2d 202 (1961).

■ In regard to defendant's assignment of error concerning excessiveness of the verdict and judgment in view of the injuries sustained, we must determine whether the verdict is so manifestly unfair, unreasonable and outrageous as to shock the conscience of the court. Young Candy & Tobacco Company v. Montoyo, 91 Ariz. 363, 370, 372 P.2d 703 (1962); Garcia v. City of Tucson, 1 Ariz.App. 83, 399 P.2d 704 (1965). From our examination of the circumstances as contained in the record, we cannot say say that the verdict is excessive.

■■ Assignment of error number three asserts that " * * * plaintiff's physician was allowed, over objection, to testify as to findings made by another expert not called to testify, who was not subject to cross examination, and whose report was

not offered during the course of the trial or made available." Defendant argues that an expert's opinion cannot be predicated upon the opinion of another, and cites authority to support the proposition. We endorse this proposition but find that it is not applicable in this case. The record shows that the opinion given by the plaintiff's physician was based upon his own examination and treatment of plaintiff. It does not appear that his opinion was based upon the opinion of another physician, rather that his opinion was confirmed after referring the patient to another physician for examination and consultation. This does not disqualify plaintiff's doctor from testifying.

■ The court was requested by defendant to instruct the jury on a driver's duty as to speed as set forth in A.R.S. § 28-701, subsec. A. The court gave the following portion of the requested instruction:

"No person shall drive a vehicle on a highway at a speed greater than is reasonable and prudent under the conditions having regard to the actual and potential hazards then existing."

The court refused the following portion of the requested instruction, which is the second sentence of A.R.S. § 28-701 subsec. A:

"In every event speed shall be so controlled as may be necessary to avoid colliding with any person, vehicle or other conveyance on or entering the highway in compliance with legal requirements and the duty of all persons to use due care."

The defendant relies on Reichardt v. Albert, 89 Ariz. 322, 361 P.2d 934 (1961), as authority for their requested instruction. The Reichardt case, however, involved a collision of two vehicles. It is not authority for the proposition that the denied portion of the requested instruction is required to be given in a one vehicle accident where no other vehicle, conveyance, or person was on or entering the highway.

The trial court did not err in its instructions to the jury.

In his final assignment of error, the defendant argues that its service manager is not subject to cross examination under Rule 43(g), Rules of Civil Procedure, 16 A.R.S., which authorizes a party to call "an adverse party or an officer, director, or managing agent of a public or private corporation * * * which is an adverse party, and interrogate him by leading questions and contradict and impeach him in all respects as if he had been called by the adverse party."

■ The basis for defendant's argument is that its service manager is not a "managing agent" within the purview of Rule 43(g). A managing agent is: (1) a person invested with general powers to exercise his judgment and discretion in dealing with corporate matters; (2) a person who could be depended upon to carry out his employer's direction to give testimony at the demand of a party engaged in litigation with the employer; and (3) a person who can be expected to identify himself with the interests of the corporation rather than with those of the other parties. Slow Development Co. v. Coulter, 88 Ariz. 122, 127, 353 P.2d 890 (1960); City of Tucson v. Koerber, 82 Ariz. 347, 354, 313 P.2d 411 (1957).

■ Applying the foregoing tests, the service manager of the defendant is a managing agent subject to interrogation as an adverse party. He could exercise his judgment and discretion in managing the defendant's business concerning the service department. He had general supervision of the operation of the service department including hiring and firing mechanics. There were approximately thirty employees subject to his direction. He would have appeared in court to give testimony at his employer's direction and he would be expected to identify himself with the corporation's interests. One who holds the highest position of authority in the department of the corporation most closely connected with the litigation is a managing agent. See

Wilson v. Trinidad Corp. (D.C.) 11 F.R.D. 191, 192 (1951) ; [2] Warren v. United States (D.C.) 17 F.R.D. 389, 391 (1955) ; [3] Klop v. United Fruit Co. (D.C.) 18 F.R.D. 310, 313 · (1955).[4]

We find no error in the proceedings below as contended by the defendant. The judgment is affirmed.

KRUCKER, C. J., and ANTHONY T. DEDDENS, Superior Court Judge, concurring.

NOTE: The Honorable JOHN F. MOLLOY having requested that he be relieved, the Honorable ANTHONY T. DEDDENS, Judge of Superior Court, Cochise County, was called to sit in his stead and participate in the determination of this decision.

2. Master of vessel was held to be a managing agent.

3. Naval officer in charge of gun turret was held to be a managing agent.

4. Second Mate of vessel was held to be a managing agent.