420 P.2d 954

**William D. ZIER, Appellant,**

**v.**

**SHAMROCK DAIRY OF PHOENIX, INC., an Arizona Corporation, and Howard Leroy Adams, Appellees.**

**I CA–CIV 161.**

Court of Appeals of Arizona.

Dec. 6, 1966.

Rehearing Denied Jan. 5, 1967.

Review Denied Jan. 24, 1967.

Plaintiff and a vehicle of the defendant, Shamrock Dairy, driven by defendant Howard Leroy Adams were involved in an automobile collision in which plaintiff was injured. At the trial, the plaintiff showed medical bills of $1,198.23. He also introduced evidence to show that surgery would be needed in the future. Dr. J. Edwin Keppel testified to that need for surgery. During cross-examination of Dr. Keppel, counsel for the defendant asked if certain consultant's reports were considered by the doctor in arriving at his diagnosis. These were exhibits 16, 17, 18 and 19, a letter written by Dr. John Eisenbeiss, and three x-ray reports from Dr. W. Ransom Kelley. After the doctor answered that he had considered the reports, he was then examined on their contents. The reports were offered in evidence and over vigorous objection by counsel for the plaintiff they were admitted.

Two questions have been presented. Was the reception in evidence of exhibits 16, 17, 18 and 19 allowance of inadmissible hearsay statements which prejudiced the plaintiff? Was the jury's verdict so inadequate that the motion for new trial should have been granted?

■ Reports of expert findings which are sought to be introduced in evidence as bases of opinion of a testifying medical expert are hearsay and are inadmissible. Security Benefit Assn. v. Small, 34 Ariz. 458, 272 P. 647 (1928); Middleton v. Green, 35 Ariz. 205, 276 P. 322 (1929); Bogard GMC Co. v. Henley, 2 Ariz.App. 223, 407 P.2d 412 (1965). Dr. Eisenbeiss and Dr. Kelley were not available for cross-examination during the trial. Their reports are hearsay.

■ The instant reports are distinguished in two ways. First, it was not testified that the reports were the *basis* of Dr. Keppel's opinion. They were only considerations. Since the conclusions are not the same, it is apparent that the doctor must have rejected the reports, at least in part. Secondly, the use and admission of the reports occurred on cross-examination. The

Gorey & Ely, by Herbert L. Ely, Phoenix, for appellant.

Moore, Romley, Kaplan, Robbins & Green, by Philip A. Robbins, Craig R. Kepner, Phoenix, for appellees.

DONOFRIO, Judge.

This is an appeal by William D. Zier, the plaintiff in a personal injury action, from a jury verdict and judgment for $2,248.23.

purpose of cross-examination is primarily to test the truth and reliability of what has been said on direct. Udall: Arizona Law of Evidence § 45. To insure that this purpose is accomplished, courts have always allowed wide latitude in cross-examination. Middleton v. Green, supra.

The question of why the doctor rejected the reports was raised when he admitted that he considered them. The counsel for the defendant had the right to inquire into his reasons so the force of Dr. Keppel's conclusion could ·be tested. The reports could be admitted for this purpose even though they were not evidence of the truth of the alleged facts and expert opinions stated in them. To hold otherwise would be to say that counsel could not test expert opinion given on direct examination except by presenting witnesses of their own with conflicting expert opinion. The opportunity to test a witness does not require that.

Plaintiff has argued that he was prejudiced by admission of the reports. When evidence is offered on cross-examination, the court may find that it is so prejudicial to the opposing party that any proper grounds for admission are outweighed. Then it is within the discretion of the court to deny admission. State v. Goodyear, 98 Ariz. 304, 404 P.2d 397 (1965); McCormick on Evidence, § 29. However, much of what is contained in these exhibits was presented to the jury through other evidence introduced through Dr. Conn, an expert witness for the plaintiff, and Dr. Tyler, an expert witness for the defendant. Exhibits 16, 17, 18 and 19 would not be prejudicial, but would be merely cumulative and not grounds for a reversal.

One of the remaining statements not covered by other evidence is a comment on the plaintiff by Dr. John Eisenbeiss. It is particularly discussed by the plaintiff in his brief. When the bulk of exhibits is admissible, but a portion is arguably prejudicial, it is the duty of objecting counsel to .call attention to that specific passage so that the court may rule upon it alone. If that opportunity is not afforded, the court may reasonably find that the total effect of the exhibits is not prejudicial. We will not reverse such a discretionary ruling unless the discretion has been abused. Arizona Power v. Kellam, 13 Ariz. 291, 114 P. 561 (1911).

Often the choice to make such an objection is a matter of trial strategy. Counsel may not want to call attention to and emphasize the offending matter more than is necessary. We need not allow him the chance to correct his choice by allowing it as grounds for reversal on appeal.

As to the complaint that the damages were inadequate, this Court and the Supreme Court have repeatedly said that a verdict will be set aside only where the amount awarded is clearly a result of prejudice and passion or without any support in the evidence. Carr v. Florian, 43 Ariz. 149, 29 P.2d 728 (1934); Bogard GMC Co. v. Hensley, 2 Ariz.App. 223, 407 P.2d 412 (1965). The evidence was much in conflict, particularly on plaintiff's disabilities, therefore we cannot say that the jury's conclusion was unreasonable.

Affirmed.

STEVENS, C. J., and CAMERON, J., concur.