422 P.2d 700

Carl Wilson **BULLARD**, Appellant,

v.

Hollis Marlin **STONEBRAKER**, Appellee.

No. 8057.

Supreme Court of Arizona.

In Division.

Jan. 25, 1967.

Alan P. Bayham and Leven Ferrin, Phoenix, for appellant.

Snell & Wilmer and Roger W. Perry, Phoenix, for appellee.

BERNSTEIN, Chief Justice.

Plaintiff brought an action in the Superior Court of Maricopa County for damages resulting from an automobile accident. He appeals from a jury verdict for the defendant.

During trial, the plaintiff testified that on the evening of November 5, 1959, he was driving north on 32nd Street in the City of Phoenix, and while traveling between Fillmore and Randolph Streets on 32nd Street, he was involved in a collision with defendant. Defendant testified that he also was driving north on 32nd Street. The front left side of defendant's car collided with the right back door and rear panel of the plaintiff's car leading to the present action brought by plaintiff for damages.

At trial, the defendant put on the witness stand a police officer who had inspected the scene of the accident some twenty minutes after the accident had occurred. On direct examination, after disclosing his personal qualifications, the officer was permitted to state his opinion relating to the point of impact of the two automobiles as well as his opinion concerning the general angle at which the two cars collided. His opinion was based upon a "splotch of dirt" found on the highway, the location of the damage to the respective automobiles, as well as an *absence* of tire marks or other physical evidence on the shoulder of the road. This testimony was elicited by the defense in an attempt to prove that the plaintiff's testimonial reconstruction of the accident was contrary to fact and to show that the plaintiff had been guilty of contributory negligence. (If the accident had occurred where plaintiff contended then he could not have been turning onto 32nd Street off of Fillmore as claimed by the defense. The officer's testimony also made it appear that plaintiff was on the wrong side of the center line at the time of the accident.)

The plaintiff continuously objected during the trial to the admission of the police officer's opinions. He argued that his objections should have been sustained for the reason that the officer was not equipped with sufficient facts to form an admissible opinion.

■ Both parties direct our attention to Gray v. Woods, 84 Ariz. 87, 324 P.2d 220, in which we had the following to say:

"It is now generally recognized that a highway patrolman or other officer, when shown to have proper training and experience in the investigation of traffic accidents, testifying as an expert witness, may properly give an opinion as to the point of impact in a traffic accident where his opinion is based on marks on the highway, damage to the vehicles involved, and the location of debris on the highway or other indicia at the scene, but not when such opinion is founded on statements made to him by other persons."

■■ On appeal the plaintiff does not challenge the qualifications of the police officer to testify as an expert, but rather confines his argument to the question of whether the officer had adequate information upon which to form his opinion. We note, as plaintiff points out, that in Gray v. Woods, supra, the officer-witness had substantially more physical evidence to consider in his reconstruction of the accident there involved. We also note, however, that the court in Gray v. Woods was not really concerned with the substantiality of the physical evidence, but rather, was concerned with whether such opinions, as a matter of evidentiary law, should *ever* be deemed admissible. We reaffirm this court's decision in Gray v. Woods on this matter and further hold to the general proposition that the character and degree of an expert's observations, in a situation justifying expert testimony, go to the weight to be accorded his conclusions and not to the admissibility of his opinoin. Gillespie Land & Irr. Co. v. Gonzalez, 93 Ariz. 152, 379 P.2d 135; City of Phoenix v. Schroeder, 1 Ariz.App. 510, 405 P.2d 301. To hold otherwise would subject the courts to the impossible task of determining in individual cases the extent of physical observations an expert must have in order to form an admissible opinion.

■ The plaintiff argues that the trial court erred in refusing to grant him a directed verdict on the question of liability. Assuming that the defendant was guilty of negligence, we cannot agree with the plaintiff's contention that the question of contributory negligence should not have been submitted to the jury. We have said on a number of occasions that where reasonable men, from the facts shown by the evidence, might draw different inferences and conclusions as to negligence or contributory negligence, this court must accept the inferences drawn by the jury, and it is only when the facts are such that all reasonable men must draw the same conclusion that

negligence is ever a question of law for the court. Stearman v. Miranda, 97 Ariz. 55, 396 P.2d 622; Figueroa v. Majors, 85 Ariz. 345, 338 P.2d 803; Casey v. Beaudry Motor Co., 83 Ariz. 6, 315 P.2d 662. Cf. Sax v. Kopelman, 96 Ariz. 394, 396 P.2d 17.

We find the instant case to be covered by the above principle and consequently affirm the lower court verdict.

Judgment· affirmed.

McFARLAND, V. C. J., and UDALL, J., concur.