483 P.2d 566

Richard A. SPETTIGUE, by his Guardian, Virginia M. Spettigue, and Robert L. Spettigue, Appellants,

v.

ARIZONA HIGHWAY COMMISSION, and the State of Arizona, Appellees.

2 CA–CIV 858.

Court of Appeals of Arizona, Division 2.

April 15, 1971.

As Amended on Denial of Rehearing May 24, 1971.

Review Denied June 15, 1971.

Fennemore, Craig, von Ammon & Udall by Michael P. Green, Phoenix, for appellants.

Gary K. Nelson, Atty. Gen., James R. Redpath, Asst. Atty. Gen., Phoenix, for appellees.

HOWARD, Judge.

On February 17, 1967, plaintiffs instituted a personal injury action against the State of Arizona and the Arizona State Highway Commission, hereinafter referred to as the appellees. Plaintiffs asserted that the negligent design, maintenance and marking of the Queen Creek Bridge proximately resulted in an automobile accident in which the plaintiff, Richard A. Spet-

tigue, was injured. Thereafter, the plaintiffs filed a motion for partial summary judgment as to liability. The motion for summary judgment was based upon the fact that plaintiff's injuries arose out of the same two-car accident which was the subject of previous litigation which resulted in a judgment for the plaintiffs, against the State of Arizona, and which litigation was the subject of an opinion of this court, State v. Watson, 7 Ariz.App. 81, 436 P.2d 175 (1967). Although the plaintiffs were not parties to this previous litigation, it was contended they were entitled to the benefit of the adjudication of negligence and proximate causation rendered in this previous action.

The motion for summary judgment was denied by the trial court. This court then granted certiorari and affirmed the lower court's denial of plaintiffs' motion in a written opinion entitled Spettigue v. Mahoney, 8 Ariz.App. 281, 445 P.2d 557 (1968). Subsequently, rehearing was denied by this court and the petition for review was denied by the Supreme Court. The trial in superior court proceeded and a jury returned a verdict in favor of the defendants, finding no liability, which finding was the exact opposite of the verdict in the companion case of State v. Watson, supra.

Plaintiffs' motion for a judgment notwithstanding the verdict or in the alternative for a new trial, was denied by the trial court. This appeal from the judgment was subsequently filed.

Appellants present two questions on appeal. The first question is the exact same one which was previously presented to us in the case of Spettigue v. Mahoney, supra. The second question is whether or not the trial court committed reversible error in admitting into evidence, over the objection of appellants, a traffic accident report in its entirety.

1. For a complete discussion of mutuality of estoppel as a prerequisite of availability of the doctrine of collateral estoppel to

## ESTOPPEL BY JUDGMENT AND THE NEED FOR MUTUALITY

 The first hurdle which the appellants must overcome is the doctrine of law of the case. This court is bound by its former decisions in the same case, except where it is convinced that the former decision was palpably in error and results in a manifest injustice. Maricopa County Medical Society v. Blende, 104 Ariz. 12, 448 P.2d 68 (1968). We have reexamined our holding in Spettigue v. Mahoney, supra, and are unable to find any reason for disregarding the doctrine of law of the case. Spettigue v. Mahoney, supra, has been favorably followed by the Supreme Court of Kansas in the case of Adamson v. Hill, 202 Kan. 482, 449 P.2d 536 (1969).[1]

## ERROR IN ADMITTING TRAFFIC ACCIDENT REPORT

 Appellants allege that the trial court erred in permitting the Arizona Highway patrolman's traffic accident report to be admitted into evidence in its entirety. In State v. Stone, 104 Ariz. 339, 452 P.2d 513 (1969), our Supreme Court held the traffic accident report is admissible in evidence. Appellants contend that *Stone* is too broad and that our Supreme Court could not have meant that the accident report was unqualifiedly admissible in evidence. This contention was urged to the Supreme Court on rehearing and they rejected it.

We note from the record that the only notation of any objection to this piece of evidence is found in the clerk's minutes where she notes that the evidence was offered and that there was "objection." Apparently a side bar conference was had on the matter but the transcript does not reveal grounds urged by the appellants in contending that the evidence should not be admitted.

a stranger to the judgment, see annotation in 31 A.L.R.3d 1044.

It is a cardinal rule that objection must be specific and point out the ground or grounds relied on in such a manner so as to advise the court and opposing counsel thereof that the ruling may be made understandingly and the objection obvious as possible. It is also a cardinal rule of appellate review that an objection which is couched in general terms is not sufficient to present a question for appellate review. 4 C.J.S. Appeal and Error § 247 at 766. As the record now stands, it shows only that an objection was made. We are compelled to consider this as a general objection and therefore reject any consideration of alleged error.

Judgment affirmed.

KRUCKER, C. J., and HATHAWAY, J., concur.