501 P.2d 1197

William KILLINGSWORTH and Grace Killingsworth, husband and wife, Appellants,

v.

Jay R. NOTTINGHAM and Margaret L. Nottingham, husband and wife, Appellees.

No. 2 CA–CIV 1193.

Court of Appeals of Arizona, Division 2.

Oct. 24, 1972.

Miller, Pitt & Feldman, P. C., by Richard L. McAnally, Tucson, for appellants.

Moore, Romley, Robbins & Green, by Craig R. Kepner, Phoenix, for appellees.

KRUCKER, Chief Judge.

This appeal raises two questions in connection with evidentiary matters in the trial of the action. Appellants were the plaintiffs below and had sued for damages as a result of the alleged negligence on the part of the appellees, defendants below. The trial was to a jury and resulted in a jury verdict in favor of the defendants. After the denial of a motion for a new trial, this appeal followed.

On June 28, 1970, plaintiffs were driving their automobile on Interstate 10, in Pinal County, during a blinding dust storm. The dust storm was so bad that some twenty vehicles were involved in accidents. We are concerned only with plaintiffs' and defendants' vehicles and a camper-pickup truck that was in front of the plaintiffs' automobile. All three were proceeding in the same direction.

The questions concern testimony of a highway patrolman as an expert witness and the admission of the patrolman's accident report into evidence. The specific questions raised on appeal are:

1. Did the trial court err in admitting into evidence the testimony of Arizona Highway Patrolman Hesselschwerdt concerning the reconstruction of the sequence of impacts between the plaintiffs' and defendants' vehicles?

2. Did the trial court err in admitting Defendants' Exhibit No. 4, a certified copy of the accident report, into evidence?

The camper-pickup truck was the first vehicle, plaintiffs' car the second vehicle, and defendants' car the third vehicle, and the question arose as to whether plaintiffs' vehicle ran into the pickup and the defendants' vehicle then struck plaintiffs' vehicle, or whether defendants' vehicle first struck the plaintiffs' vehicle.

Plaintiffs' testimony and that of a reconstruction expert, Mr. Marshall Day, describe the initial impact as occurring when defendants' automobile struck plaintiffs' automobile in the rear, causing it to be propelled into the rear of the camper-pickup truck. Defendants' reconstruction expert, Mr. Hicks, testified that, in his opinion, plaintiffs' automobile first struck the camper-pickup truck in the rear and thereafter defendants' automobile struck that automobile from the rear.

Highway Patrolman Edward Hesselschwerdt, who was the investigating officer assigned to this particular accident, came on the scene shortly after the accident and made an extensive investigation. He made an official report thereof comprising approximately 100 pages. Hesselschwerdt testified he had been a highway patrolman for seven years; that he had special schooling; that his opinion was not based on the statements of any witnesses but was based on his observations at the scene of the accident, a review of the physical facts at the scene, photographs of the vehicles, their weights and categories, angles of damage, types of frames, angles of impact, and all other available information.

Under the holding in Bullard v. Stonebraker, 101 Ariz. 584, 422 P.2d 700 (1967), a highway patrolman with proper training can testify as an expert witness where his opinion is based on investigation at the scene and not founded upon statements made to him by other persons. *See also,* Gray v. Woods, 84 Ariz. 87, 324 P.2d 220 (1958). The admission of this testimony is a matter of sound judicial discre-

**358**

tion. Any objections to his testimony under such circumstances goes to the weight and not to the admissibility of his opinion. Bullard v. Stonebraker, supra.

 Having reviewed the testimony of Officer Hesselschwerdt, we find no error in its admission. In passing, we also note that the highway patrolman's opinion was fully in accord with the opinion of the defendants' reconstruction expert, Mr. Hicks.

■ As to the copy of the accident report, we are of the opinion that under the circumstances it was admissible. A.R.S. § 41–1743 requires the highway patrol to file an accident report in connection with every highway accident, and under the provisions of A.R.S. § 28–667, subsec. C and Rule 44(a), Rules of Civil Procedure, 16 A.R.S., such a report is clearly admissible into evidence. Rodriguez v. Williams, 107 Ariz. 458, 489 P.2d 268 (1971); State v. Stone, 104 Ariz. 339, 452 P.2d 513 (1969). Here, there was merely a general objection to the admission of the accident report. It is well settled that the objection must be specific as to those portions that are claimed inadmissible. If this is not done, error cannot be claimed. In Zier v. Shamrock Dairy of Phoenix, Inc., 4 Ariz.App. 382, 420 P.2d 954 (1967), the court stated:

> "When the bulk of exhibits is admissible, but a portion is arguably prejudicial, it is the duty of objecting counsel to call attention to that specific passage so that the court may rule upon it alone. If that opportunity is not afforded, the court may reasonably find that the total effect of the exhibits is not prejudicial. We will not reverse such a discretionary ruling unless the discretion has been abused. [Citation omitted]" 4 Ariz. App. at 384, 420 P.2d at 956.

*See also,* Trickel v. Rainbo Baking Co. of Phoenix, 100 Ariz. 222, 412 P.2d 852 (1966), wherein the court states:

> "Moreover, if appellants desired that only a portion of the statement be admitted, they should have so moved, which was not done and are thereby in no posi-

tion to assert error as to this matter." 100 Ariz. at 226–227, 412 P.2d at 855.

In Rodriguez v. Williams, supra, the court held that the accident report was admissible, following State v. Stone, supra, and that counsel could have had objectionable portions deleted if there were any. As in *Rodriguez,* appellants, in the case at bench, failed to make the proper objections.

Judgment affirmed.

HATHAWAY and HOWARD, JJ., concur.