NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

RWI CONSTRUCTION SERVICES INC, *Plaintiff/Appellee*,

*v.*

SKYZ LLC, *Defendant/Appellant*.

MIDFIRST BANK, *Defendant/Appellee*.

No. 1 CA-CV 23-0737
FILED 08-13-2024

Appeal from the Superior Court in Maricopa County
No. CV2019-056797
The Honorable Daniel G. Martin, Judge

**AFFIRMED**

COUNSEL

Palecek & Palecek, PLLC, Scottsdale
By Karen A. Palecek
*Counsel for Plaintiff/Appellee*

Law Office of Kimberly A. Eckert, Tempe
By Kimberly A. Eckert
*Counsel for Defendant/Appellant Skyz LLC*

Sherman & Howard, LLC, Phoenix
By Craig A. Morgan
*Counsel for Defendant/Appellee Midfirst Bank*

---

## MEMORANDUM DECISION

Judge David D. Weinzweig delivered the decision of the Court, in which Presiding Judge Brian Y. Furuya and Judge James B. Morse Jr. joined.

---

**W E I N Z W E I G**, Judge:

**¶1**        SKYZ, LLC ("Owner") appeals the superior court's grant of summary judgment to RWI Construction Services, Inc. ("Contractor") on their contract claims and counterclaims.  We affirm.

### FACTS AND PROCEDURAL BACKGROUND

**¶2**        This appeal stems from a construction contract between Owner and Contractor to build a medical center in Gilbert.  After Contractor finished constructing the building, Owner did not pay Contractor the full amount owed.  Owner later explained there were "numerous problems with the work," but it never provided a written objection to the final invoice, which is required under the Prompt Pay Act. A.R.S § 32-1182(D).

**¶3**        Eight months after the work was completed, Owner filed a complaint with the Registrar of Contractors ("ROC").  Contractor made the repairs raised in the complaint.  Owner did not follow up with Contractor or respond to ROC's inquiries about the repairs, so ROC informed Contractor the complaint was closed.

**¶4**        Contractor sued Owner for breach of contract and other claims regarding the unpaid final invoice.  Owner counterclaimed against Contractor for breach of contract and breach of good faith and fair dealing.

**¶5**        Contractor twice moved for summary judgment, first on its claim for breach of contract and second on Owner's counterclaims.  Owner responded, offering a supporting affidavit from its manager, Chad Gammage.  Owner also supplied an expert report from a third-party architect.  The superior court granted summary judgment to Contractor.  Owner appealed.  This court vacated and remanded for the superior court to explain why it granted summary judgment.

**¶6**        On remand, the superior court again granted summary judgment, finding that Owner failed to produce any admissible evidence.

The court included Rule 54(b) language certifying the decision as a final judgment with no just reason for delay. Owner timely appealed. We have jurisdiction. *See* A.R.S. § 12-2101(A)(1).

## DISCUSSION

**¶7** We review de novo the entry of summary judgment, viewing the facts and reasonable inferences in the light most favorable to the non-moving party. *Andrews v. Blake*, 205 Ariz. 236, 240, ¶ 12 (2003). The superior court must enter summary judgment when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Ariz. R. Civ. P. 56(a). Where the moving party "makes a prima facie showing that no genuine issue of material fact exists, the burden shifts to the opposing party to produce sufficient" evidence showing there is an issue of material fact. *GM Dev. Corp. v. Cmty. Am. Mortg. Corp.*, 165 Ariz. 1, 5 (App. 1990); *see also* Ariz. R. Civ. P. 56(e).

**¶8** Owner contends the superior court incorrectly held that Owner's affidavit and expert report were inadmissible, and thus erroneously granted summary judgment in favor of Contractor. We address each argument in turn.

## I. Manager's Affidavit.

**¶9** Owner first argues the superior court erroneously held Mr. Gammage's affidavit was inadmissible. To survive summary judgment, an affidavit "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated." Ariz. R. Civ. P. 56(c)(5). Mr. Gammage's affidavit failed to meet these minimum standards because it was not based on his personal knowledge. For all but one statement, Mr. Gammage never avows that he personally observed the alleged problems with workmanship or payment. Nor does he explain his role on the project or how he obtained the information. *See State v. Johnson*, 184 Ariz. 521, 524–25 (App. 1994) (affidavit not admissible when it fails to lay foundation for the affiant's personal knowledge).

**¶10** Mr. Gammage made one statement based on his personal knowledge—the "drywall was not properly attached to the studs requiring me to do it myself with another person"—but that statement was not enough to withstand summary judgment. *See Orme School v. Reeves*, 166 Ariz. 301, 309 (1990) (explaining the "mere existence of a scintilla of evidence is insufficient" to withstand a motion of summary judgment, and that "there must be evidence on which the jury could reasonably find for

3

plaintiff.").  At most, this statement describes a "minor or partial breach," which did not excuse Owner's performance.  *See, e.g.*, *Zancanaro v. Cross*, 85 Ariz. 394, 400 (1959) ("Ordinarily the victim of a minor or partial breach must continue his own performance, while collecting damages for whatever loss the minor breach has caused him; the victim of a material or total breach is excused from further performance").

## II.    Architect Report.

**¶11**        Owner next argues that summary judgment was inappropriate because he offered an expert witness report with captioned photographs, which created questions of fact.  Owner retained a third-party architect to craft a report, which contained the architect's "professional opinion" on Contractor's workmanship, along with captioned photographs of the medical facility.  The superior court found the expert report and photographs were inadmissible and thus entered summary judgment against Owner.  We affirm because the expert report was inadmissible hearsay.

**¶12**        Hearsay is an out of court statement which "a party offers in evidence to prove the truth of the matter asserted."  Ariz. R. Evid. 801(c).  Written expert reports are inadmissible hearsay unless they fall under a designated exception to the hearsay rule.  *Zier v. Shamrock Dairy of Phx., Inc.*, 4 Ariz.App. 382, 383 (1966); *see also* Ariz. R. Evid. 802–804 (hearsay exceptions).  Owner offers no argument or reason why the written expert report qualified for an exception, and we find none.

**¶13**        The captioned photographs were also inadmissible because Owner never laid the required foundation.  Photographs are admissible only if verified by a witness who avows they represent "a reasonably faithful representation" of the subject.  *Lohmeier v. Hammer*, 214 Ariz. 57, 61, ¶ 8 (App. 2006).  A witness need not have been present when the photos were taken, so long as he can attest that they "accurately portray the scene or object depicted."  *Id.*

**¶14**        Owner contends it established foundation with Mr. Gammage's affidavit.  Not so.  Mr. Gammage did not attest to the photographs or to seeing the problems they depict.  Nor do the photographs "speak for themselves."  They contain superimposed arrows and labels, and the affidavit does not attest to or explain any of these markings.

## III. Damages.

**¶15** Owner argues the superior court erroneously calculated damages owed to Contractor at summary judgment, pointing to an invoice from Contractor, which identified a lesser charge. The record shows no error. Owner relies on an incorrect invoice for his argument, which stated that Owner paid more than it did.

## IV. Attorney Fees and Costs.

**¶16** Lastly, Owner contests the amount of attorney fees and costs awarded to Contractor. We review fee awards for an abuse of discretion and "will affirm unless there is no reasonable basis for the award." *Hawk v. PC Vill. Ass'n, Inc.*, 233 Ariz. 94, 100, ¶ 19 (App. 2013). "The trial court has broad discretion in determining whether to award attorneys' fees under A.R.S. § 12-341.01(A)." *State Farm Mut. Auto. Ins. v. Arrington*, 192 Ariz. 255, 261, ¶ 27 (App. 1998) (cleaned up).

**¶17** An award of attorney fees was appropriate here under two statutes. The Prompt Pay Act directs the court to award "costs and attorney fees in a reasonable amount" to the successful party in an action to collect payments under that statute. A.R.S. § 32-1182(S). On top of that, this action arose out of a contract. A.R.S. §§ 12-341, -341.01.

**¶18** We discern no error. Owner contests only a $5,000 entry for drafting a second motion for summary judgment because it duplicated the first motion for summary judgment. But the two motions differ in length and content; they are not duplicates. We find no abuse of discretion.

## V. Attorney Fees and Costs on Appeal.

**¶19** Contractor requests attorney fees and costs on appeal under ARCAP 21, A.R.S. §§ 32-1182(S) and 12-341.01, which we award upon compliance with ARCAP 21.

### CONCLUSION

**¶20** Affirmed.

