447 P.2d 550

**W. O. KELCH and Estelle D. Kelch, Appellants,**

v.

**Donald E. COURSON and Harold Eugene Andrews, Appellees.**

**No. 9296–PR.**

Supreme Court of Arizona.

In Banc.

Nov. 27, 1968.

---

Charles M. Brewer, James D. Lester, Phoenix, for appellants.

Lewis, Roca, Scoville, Beauchamp & Linton, by James Moeller, Phoenix, for appellees.

McFARLAND, Chief Justice.

This case is before us on a petition for review of a decision of the Court of Appeals affirming a judgment of the Superior Court. Plaintiffs W. O. Kelch and his wife Estelle Kelch sued defendants Donald Courson and Harold Andrews for injuries received in an automobile accident. Courson obtained a directed verdict, and is not a party to this appeal. The jury found

for defendant Andrews, and plaintiffs have appealed.

The accident occurred when plaintiffs were driving east on Camelback Road in Phoenix. The street has two eastbound lanes and two westbound lanes; plaintiffs' car was in the lane nearest the south curb. As plaintiffs approached 23d Avenue, there was, in the lane immediately to their left, also facing east, a car pulling a boat and trailer which was stopped and waiting for westbound traffic to clear so that it could turn left. There were no signs or lights controlling eastbound or westbound traffic.

As plaintiffs entered the intersection, defendant Andrews, who had been driving west on Camelback Road, turned left in front of plaintiffs, and a collision took place.

The principal argument of plaintiff, on appeal, is that the trial court erred in giving the following instruction on contributory negligence:

"If you find * * * that the plaintiff, Mr. Kelch, was guilty of negligence, however slight, and if you also find that said negligence, if any, proximately contributed to cause the injuries to plaintiffs, then the law leaves the parties where it finds them, and neither plaintiff should recover from the defendant, even though you do find the defendant was guilty of negligence. * * *"

Plaintiff argues that (1) this instruction is impropery worded, and (2) no instruction on contributory negligence was warranted, as there was no evidence of such negligence. The only objection made in the trial court was on ground (2).

■ Ground (1) is entirely without foundation. We have held that the subject matter of contributory negligence is so important that a failure to treat it properly in the court's instructions is fundamental error which we will review even where—as in the instant case—plaintiff failed to make a proper objection in the trial court. Trojanovich v. Marshall,

95 Ariz. 145, 388 P.2d 149. However, we have twice had before us the exact language to which plaintiffs now object. In Layton v. Rocha, 90 Ariz. 369, 368 P.2d 444, the jury was instructed that if both parties were negligent and that negligence contributed to the accident, the law would "leave them where it finds them," and the verdict "may" be for the defendant. In that case we said:

"The form given here was that it *may* so find. We think the preferable form is that in the event of contributory neglignce the jury 'should' find for the defendant."

In Evans v. Pickett, 102 Ariz. 393, 430 P.2d 413, we admitted that the words "the law would leave them where it finds them" tended to confuse the issue, but we approved the instruction in spite of those words, and re-affirmed our approval of the use of the word "should," in connection with the jury's duty to find for the defendant. We see nothing in Schmidt v. Gibbons, 101 Ariz. 222, 418 P.2d 378, which is inconsistent with Layton, supra, and Evans, supra.

■ Ground (2) presents a fact question. In our opinion there was evidence from which the jury could have reasonably found contributory negligence. For example, police officer DeWitt, called by plaintiffs, testified that plaintiffs' car could have been going forty miles per hour, though the speed limit was 35. Furthermore, plaintiffs' auto was approaching an intersection where their view of oncoming westbound traffic was obscured by the waiting car towing a boat and trailer in the lane to their left. The jury might have found that even the 35-miles-per-hour speed limit was too fast under the circumstances.

■ Plaintiffs also argue that they were deprived of a fair trial by defendant's misconduct in (a) failing to amend his answers to interrogatories to indicate that his wife had died since the commencement of the action, and (b) telling the jury, in his closing argument, that had she been a witness her testimony would have corrobo-

rated defendant's. It seems to have been conceded that the failure of defendant to disclose his wife's death was inadvertent. Plaintiffs' attorney, during his closing argument, commented upon the failure of defendant to produce his wife as a witness (since she was in his car at the time), thus implying that she was kept off the stand because her testimony would have been adverse to defendant. To answer this comment, and the implication, defendant's attorney told the jury that defendant's wife had recently died of lateral sclerosis, and that her testimony would not have varied from defendant's.

Plaintiffs argue that had defendant followed the rules, he would have amended his answers to interrogatories previously filed, and plaintiffs' attorney would not have "fallen into a virtual trap," and would not have been placed in a position of having heartlessly re-opened defendant's wound in having recently lost his wife. This, argue plaintiffs, created in the jury ill feeling against plaintiffs.

■■ There is no question but that defendant failed to update his answers and represented in his pre-trial memorandum that all answers were up to date. There is also no question but that defendant's counsel was guilty of improper argument in stating to the jury his knowledge or opinion, from facts not in the record, that if defendant's wife were alive she would have testified to the same facts as did defendant. In the absence of any evidence that the failure to amend the answers was intentional, it can only be concluded that the matter was both trivial and collateral, prior to counsel's remarks, and that the impropriety was not of such magnitude as to require a new trial. Plaintiffs' lawyer promptly apologized and explained the reason for his remarks, and there is no reason to believe that the jury's verdict was influenced by the incident. No objection was made by plaintiffs at the time, and the court, in its instructions, admonished the jury not to consider remarks or conduct of counsel. There was no motion for a mistrial prior to the submission of the case to the jury; the matter was broached for the first time in a motion for a new trial. In general, such conduct constitutes a waiver. Beliak v. Plants, 93 Ariz. 266, 379 P.2d 976. The trial court, therefore, was correct in its refusal to grant a new trial on this ground.

■ Plaintiffs contend that the trial court erred in refusing to give their requested instruction No. 1 to the effect that defendant was guilty of negligence as a matter of law, because of having violated A.R.S. § 28–772. Their objection in the trial court was on the ground that "it is a proper statement of law and has application to the facts in the case." Since the objection is not sufficiently specific to comply with R.C.P. 51(a), 16 A.R.S., we will not consider this assignment of error. Nielson v. Flashberg, 101 Ariz. 335, 419 P.2d 514.

■ Plaintiffs also maintain that the trial court erred in refusing their requested instruction No. 12 to the effect that defendant's plea of guilty, in traffic court, to a violation of a statute enacted for the safety of the public "is evidence of negligence per se." Plaintiff proved that defendant had pleaded guilty to the citation he had received for making an improper left turn. It is a well-settled rule that a plea of guilty in a criminal case is admissible in evidence in a civil case involving the same issues. Hays v. Richardson, 95 Ariz. 263, 389 P.2d 260.

■ It was not error to refuse to give the instruction that such plea was evidence of negligence per se. Such an instruction would be singling out a portion of the evidence. It would nullify any explanation of a witness as to why he entered a plea of guilty. Evidence of the plea should be admitted, and it is for the jury to determine the proper weight to be given to it. It is only an evidentiary fact admitted for the consideration of the trier of the facts.

**580**

 Plaintiff's last assignment of error is predicated upon the trial court's refusal to give their requested instruction No. 2, regarding the necessity of defendant's keeping a proper look-out. We find it unnecessary to decide whether the requested instruction was proper, since the matter was amply covered by the instructions which were given.

Decision of the Court of Appeals vacated; judgment of the Superior Court affirmed.

UDALL, V. C. J., and STRUCKMEYER, BERNSTEIN and LOCKWOOD, JJ., concur.