453 P.2d 540

Caroline MALINSKI, as Administratrix of the Estate of Lawrence Malinski, Deceased, Appellant,

v.

Kenneth Gary PEMBER and Ben Mayer, John Does I, II, III, dba Ben's Market, Appellees.

No. 1 CA–CIV 718.

Court of Appeals of Arizona.

April 23, 1969.

Harrison, Strick, Myers & Singer and Gorey & Ely, by Mark I. Harrison, Phoenix, for appellant.

Trew & Woodford, by R. R. Woodford, Phoenix, for appellees.

HATHAWAY, Judge.

This appeal arises out of a lawsuit brought for the wrongful death of Lawrence Malinski, who was killed when the motorcycle he was riding collided with an automobile in Phoenix, Arizona, on September 10, 1963.* The case was tried to a jury which returned a verdict in favor of the defendant and against the plaintiff.

The plaintiff contends that the trial court erred in instructing the jury in mandatory rather than in permissive terms on the issue of contributory negligence. The plaintiff relies on Article 18, § 5 of the Arizona Constitution, A.R.S. which provides:

"The defense of contributory negligence * * * shall, in all cases whatsoever, be a question of fact and shall, at all times, be left to the jury."

The trial court told the jury that:

"The defendants deny any negligence and assert affirmatively that the said decedent, Mr. Malinski, was himself negligent, *thus barring any recovery of damages.*" (Emphasis supplied)

The plaintiff contends that the foregoing was misleading in that it told the

---

* An appeal from Industrial Commission proceedings relating to the decedent is reported in 103 Ariz. 213, 439 P.2d 485 (1968).

jury that if the plaintiff's decedent was negligent, the plaintiff could not recover any damages. No objection was made to the particular language of the emphasized portion of the instruction, which is complained of on appeal. The court's remarks here are clearly prefatory, made for the purpose of outlining to the jury the defendants' contentions. It is uncertain whether the "barring" referred to is predicated upon lack of negligence *and* contributory negligence, or only the latter. We believe that the instructions were not fatally contaminated by this expression.

■ The plaintiff next complains of the court's instruction:

"If you find * * * that plaintiff's decedent was guilty of negligence, *however slight * * * then the law leaves the parties where it finds them* and plaintiff *should not recover* from defendants, even though you do find the defendant was guilty of negligence. In such circumstances, it is immaterial whether the conduct of the defendant was more negligent than that of plaintiff's decedent." (Emphasis supplied)

The plaintiff contends that it is obvious that the law does not "leave the parties where it finds them" where a plaintiff has been guilty of negligence, "however slight" but, the law must leave the parties where the jury decides to leave them. Our Supreme Court recently had occasion to approve of the very language complained of in Kelch v. Courson, 103 Ariz. 576, 447 P.2d 550 (1968). The Supreme Court dealt previously with this language in Layton v. Rocha, 90 Ariz. 369, 368 P.2d 444 (1962) and in Evans v. Pickett, 102 Ariz. 393, 430 P.2d 413 (1967). It is clearly settled that the language used was proper.

In their reply brief, counsel for the plaintiff concedes that their contention that it is fundamental and reversible error to require a jury to find a plaintiff guilty of negligence where it is alleged that the plaintiff violated a statute and acted for the safety of persons or property, has been answered against them by our Supreme Court in Orlando v. Northcutt, 103 Ariz. 298, 441 P.2d 58 (1968).

Affirmed.

MOLLOY and KRUCKER, JJ., concur.

NOTE: This cause was decided by the Judges of Division Two as authorized by A.R.S. § 12–120, subsec. E.