464 P.2d 974

Edith Jane BAKER, as surviving wife of Chesley Ray Baker, deceased, on behalf of herself and Becky Ray Baker and Chesley Ray Baker, Jr., surviving minor children of Chesley Ray Baker, deceased, Appellants,

v.

The ATCHISON, TOPEKA AND SANTA FE RAILWAY COMPANY et al., Appellees.

No. 1 CA–CIV 916.

Court of Appeals of Arizona, Division 1.

Feb. 18, 1970.

Rehearing Denied March 26, 1970.

Review Denied April 21, 1970.

Moore, Romley, Kaplan, Robbins & Green, by Craig R. Kepner, Phoenix, for appellants.

Fennemore, Craig, von Ammon & Udall, by Linwood Perkins, Jr., Phoenix, for appellees.

HATHAWAY, Judge.

This case arises out of a collision at a railroad crossing in the City of Flagstaff, Arizona. The plaintiff appeals from a jury verdict and judgment rendered in favor of the defendant railway company.

The first contention raised is that the trial court erred in refusing to admit into evidence a photograph taken at night which purportedly depicted the train's approach to the crossing.

The trial court is vested with considerable discretion in passing on the admission of photographs. Humphrey v. Atchison, Topeka and Sante Fe Railway Company, 50 Ariz. 167, 70 P.2d 319 (1937). "The basic test for admission is whether

the trial court believes that the picture might reasonably aid the jury in understanding the testimony or passing upon the issues." Udall, Arizona Law of Evidence § 132, p. 278.

Because of its very nature—a nighttime photograph seeking to depict the approach of a train from a background of highway lights—the evidence is conflicting as to whether the photograph was a reasonably faithful representation of what Mr. Baker saw some twenty months earlier. The photographer, Mr. Hayes, testified that the photograph did not depict what the eye would see and that photographs may distort greatly, especially nighttime photographs.

However, even if we concede that a proper foundation was laid showing the photograph to be a reasonably faithful representation of the scene, we do not find the trial court abused his discretion in determining that the picture would not aid the jury in passing upon the issues. United Verde Extension Mining Co. v. Jordan, 14 F.2d 304 (9th Cir. 1926), certiorari denied 273 U.S. 734, 47 S.Ct. 243, 71 L.Ed. 865. The bottom half of the photograph is covered by a large glare caused from the camera's flash unit. The top half shows a series of generally indistinguishable lights. We do not believe this will aid the jury in passing upon the issues, and consequently find no abuse of discretion in refusing to admit the photograph into evidence.

A further contention raised is that the trial court also erred in admitting a daytime photograph. This photograph was offered to show a trailer court in relation to the railroad crossing and was admitted for that limited purpose. The plaintiff concedes this picture accurately portrayed what it was intended to show. Several persons who testified lived in the trailer park and this photograph was obviously an aid to the jury in understanding their testimony. The trial court did not commit an abuse of discretion in admitting this photograph into evidence.

The plaintiff next alleges it was error for the trial court to give Defendant's Instruction No. 9, which stated:

"Another test of proximate cause recognized by our law may be helpful to you: was the negligent act of the party under consideration a material element or a substantial factor in producing the injury? An act or omission cannot be a proximate cause if it contributes only slightly or possibly to the result, for a proximate cause is one which is a material element or a substantial factor in causing the injury."

This instruction was given without any objection being raised by the plaintiff. Although in McDowell v. Davis, 104 Ariz. 69, 448 P.2d 869 (1968), handled by the same law firm representing appellant here, our Supreme Court held a nearly identical instruction was "prejudicially erroneous", we believe a timely objection is necessary to preserve the matter for review. Rule 51(a), A.R.C.P., 16 A.R.S. states in part that "No party may assign as error the giving or the failure to give an instruction unless he objects thereto * * *." The instruction does not deprive either party of a constitutional right, Layton v. Rocha, 90 Ariz. 369, 368 P.2d 444 (1962), nor does it undercut the foundation of the action. Wagner v. Coronet Hotel, 10 Ariz.App. 296, 458 P.2d 390 (1969).

The doctrine of fundamental error in civil cases should be applied sparingly. Ortega v. State, 6 Ariz.App. 356, 432 P.2d 904 (1967). The plaintiff cannot now raise this issue for the first time on appeal. Snethen v. Gomez, 6 Ariz.App. 366, 432 P. 2d 914 (1967).

The plaintiff also contends the court erred in modifying his instruction number 21. That instruction stated:

"The law of the State of Arizona provides that a person in charge of a railroad locomotive before crossing any traveled public way shall cause either the bell to ring, or a whistle, siren or other sounding device to sound at a distance of

at least one-quarter of a mile from a crossing and until it is reached.

"The aforementioned law with respect to the warning to be given of the approach of a train to a crossing does not prescribe the extent of the duty of a railroad company as to warning. It prescribes merely the minimum that must be done. ...

"You are instructed that a violation of the law which I have just read to you constitutes negligence as a matter of law. In other words, proof of a violation of that law is in itself proof that the defendants were negligent. I instruct you that if you find from the evidence in this case that the defendants violated the provision of the law that I have just read to you, then they were guilty of negligence."

The middle paragraph of the instruction was deleted. Plaintiff objects that the instruction as modified led the jury to believe that if the train had whistled, it had completely satisfied its duty to the public.

It is not error for the court to refuse to give an instruction in the exact language requested where the subject matter is adequately covered by other instructions. Bryant v. Thunderbird Academy, 103 Ariz. 247, 439 P.2d 818 (1968). We believe that the deleted portion of the instruction was adequately covered in Plaintiff's Instruction No. 5, 6, 7 and 25, and thus we find no error.

The plaintiff finally contends that the verdict was against the weight of the evidence. Viewing the evidence in a light most favorable to sustaining the verdict, the evidence is at most conflicting as to whether the train's whistle was blown to give adequate warning and whether the railroad crossing gave adequate protection to travelers. Mr. Webb, an engineer on the train, testified that the automatic bell on the train had been activated outside Flagstaff, and the bell was ringing at the time the train went through the city. Mr. Webb also testified that he blew the train's whistle at a point 1,424 feet from the crossing. This was confirmed by Mr. Roberts, a conductor on the train. A railroad track is of itself a warning, Humphrey v. Atchison, Topeka and Santa Fe Railway Company, supra, and the train's crew had the right to assume that Mr. Baker would exercise reasonable care. Alires v. Southern Pacific Company, 93 Ariz. 97, 378 P.2d 913 (1963). We believe there was sufficient evidence in this case for the jury to reach the conclusion it did. Nutter v. Bechtel, 6 Ariz.App. 501, 433 P.2d 993 (1967).

We affirm.

HOWARD, C. J., and KRUCKER, J., concur.

NOTE: This cause was decided by the Judges of Division Two as authorized by A.R.S. § 12–120, subsec. E.