606 P.2d 412

**John C. RIMONDI and Susan Johnson Rimondi, husband and wife, Appellants,**

**v.**

**Rachael Allene BRIGGS, Appellee.**

No. 14182.

Supreme Court of Arizona, In Division.

Jan. 24, 1980.

O'Connor, Cavanagh, Anderson, West-over, Killingsworth & Beshears by M. E. Rake, Jr. and Franzula M. Bacher, Phoenix, for appellants.

Johnson, Tucker, Jessen & Dake by Richard H. Oplinger and Ruth L. Harris, Phoenix, for appellee.

HOLOHAN, Vice Chief Justice.

Plaintiffs appeal from a jury verdict for the defendant in the second trial of a personal injury action arising out of an automobile accident. The first trial resulted in a hung jury and mistrial. We have jurisdiction pursuant to Rule 19(e), Rules of Civil Appellate Procedure, 17A A.R.S.

Late one night while driving on Apache Trail Highway, plaintiffs' left front tire on their van went flat. Instead of pulling off into one of several nearby driveways, plaintiffs pulled into the outermost of the three westbound lanes and stopped. The testimony is conflicting as to whether the flashers were on and whether the rear van doors were open or closed. Defendant testified that she did not see the van until it was too late to change lanes as she was hemmed in by cars in the two lanes to her left. Defendant struck the left rear and side of the van where the plaintiffs were standing. Plaintiffs brought suit for their injuries.

The issues on appeal are:

1) Were the slides taken by an accident reconstruction expert properly excluded?

2) Was it error to admit the investigative officer's testimony concerning whether the van doors could have been partially open?

3) Were plaintiffs properly put to a choice between using the defendant's deposition or cross-examining defendant?

4) Were plaintiffs improperly precluded from questioning the defendant about her plans to stay with her boyfriend the night of the accident?

5) Was giving the Recommended Arizona Jury Instruction No. 5 on contributory negligence error?

6) Should the trial court have separately instructed the jury on proper lookout and foreseeability?

7) Should the trial court have instructed the jury on A.R.S. § 28–701(A), speed not reasonable and prudent?

Regarding admissibility of the slides, Marshall Day, an accident reconstruction expert, at plaintiffs' behest took a series of slides purporting to show what defendant could see from her car as she approached the van. Defendant objected to the introduction of these slides on the basis that the slides did not depict the scene in substantially the same way as it existed at the time of the accident and they were therefore prejudicial. Defendant's objection was based on the fact that there was no testimony that the light setting on the test vehicle was the same as on the defendant's vehicle and the fact that the stop action effect of slides did not accurately represent what the defendant saw as she drove down the highway. The trial court sustained this objection and precluded use of the slides.

The trial court has considerable discretion in ruling on the admission of photographs. Udall, *Arizona Law of Evidence* § 132; *Baker v. Atchison, Topeka and Santa Fe Railway Co.*, 11 Ariz.App. 387, 464 P.2d 974 (1970); *Arnold v. Frigid Food Express Co.*, 9 Ariz.App. 472, 453 P.2d 983 (1969). Pictures must faithfully represent what the party saw. *Baker, supra.* The slides at issue were still photographs which would not reflect the scene as viewed by a person in a moving vehicle. This factor could be misleading; further, the same conditions as were present at the time of the accident were not shown to exist when the pictures were taken. The ruling of the trial judge excluding the slides was proper.

Officer McCarthy, the investigating officer of the accident, testified that sometime after the accident he went to the

wrecking yard where the plaintiffs' van was stored and tested the rear doors to determine if a vehicle could strike the van without damaging the door if the doors were partially open. He concluded that a vehicle could. Plaintiffs objected to this testimony asserting that Officer McCarthy was expressing an opinion as to the cause of the accident without being qualified as an accident reconstruction expert. Although we agree that a witness who testifies as to the ultimate cause of the accident must be qualified as an expert witness, *Steed v. Cuevas*, 24 Ariz.App. 547, 540 P.2d 166 (1975), we do not agree that Officer McCarthy's testimony constituted an expression as to the cause of the accident. All Officer McCarthy said was that the accident *could* have happened with the back van doors partially open without those doors being damaged. He did not testify as to the position of the doors on impact which testimony would have been on the cause of the accident. The officer was relating his observations. He moved the van doors to see if the left rear of the van could have been struck by defendant's vehicle without the doors being closed. This is not an expert opinion for which special foundation would have been required. We hold there was no abuse of discretion in this instance.

Plaintiffs' third assignment of error is that they were forced to choose between reading portions of defendant's deposition during their case and cross-examination of defendant. The trial court stated that he would not allow plaintiffs to read the defendant's deposition in plaintiffs' case in chief and later also cross-examine the defendant "which will in essence be going through the whole thing again." (Reporter's Transcript, p. 120.) The court stated that plaintiffs had proved a prima facie case without reading this material, which was plaintiffs' stated purpose for reading the deposition aloud. The ruling of the trial court was clearly wrong.

■ Rule 32(a)(2), Rules of Civil Procedure, 16 A.R.S., states that "[t]he deposition of a party . . . may be used by an adverse party for any purpose." In *Southern Pacific Co. v. Cavallo*, 84 Ariz. 24, 323 P.2d 1 (1958), this court ruled that a plaintiff could read into evidence the deposition of a party defendant even though the defendant was present in court. The "any purpose" provision of the rule has been given the broad construction suggested by the words. *See Porterie v. Peters*, 111 Ariz. 452, 532 P.2d 514 (1975). The trial court's ruling on this issue was erroneous. The error was not prejudicial because the plaintiff was allowed full cross-examination of the defendant when she took the stand. Since the ruling of the trial court did not result in prejudice, the error must be considered harmless.

Plaintiffs next complain that they were improperly foreclosed from inquiring before the jury into the fact that defendant on the night of the accident had planned to spend the night with a male friend. Plaintiffs claim that this showed the defendant's state of mind and bore out their theory that defendant's inattention caused the accident.

Plaintiffs' cross-examination on this point reads as follows:

"Q Your new boyfriend's name was a Mr. Mitchler or Michler; is that right?

"A Mr. Mitchler.

"Q Mitchler. And he lived to the west also?

"A Yes; he had called and asked me to come by.

"Q You were going down to spend the might with Mr. Mitchler rather than going home and spending the night at home or spending the night at the Desert Flame?

"A I wouldn't say I was going to spend the night with him. I was going there. I think that might sound a little better.

"Q You didn't plan to spend the night? I don't care one way or the other. I just want to know.

"THE COURT: Counsel, Mr. Tucker hasn't objected, but I do. We are getting into an area that is of no concern to this jury where she is going to spend the night." (Reporter's Transcript, pp. 146–147.)

As is obvious from this excerpt, counsel got very far indeed in his questioning. The witness admitted that she was headed to her friend's house. Counsel was precluded only from obtaining a direct statement that the defendant had planned to spend the night there. We hold that the trial court's action in foreclosing further questioning in this area was proper. A trial court's rulings on the admittance or exclusion of evidence will not be disturbed on appeal unless a clear abuse of discretion appears and prejudice results therefrom.[1] *Sequoia Mfg. Co., Inc. v. Halec Construction Co., Inc.,* 117 Ariz. 11, 570 P.2d 782 (1977).

Prejudice in a civil trial will not be presumed but must affirmatively appear from the record. *Webb v. Hardin,* 53 Ariz. 310, 89 P.2d 30 (1939). Plaintiffs' point with regard to the defendant's state of mind was made by her statement that she was going to her boyfriend's house. Any further inquiry would only introduce irrelevant and incompetent matters in the case.

Plaintiffs assign as error the trial court's instruction to the jury on contributory negligence, Recommended Arizona Jury Instruction Negligence 5, which reads:

"The defendant claims that the plaintiff was negligent and that his negligence contributed to cause the plaintiff's injury. Whether contributory negligence is a defense is left to you. If both plaintiff and defendant were negligent, and if the negligence of each was the cause of the injury, the plaintiff *should not* recover. This means that you must decide two things:

"(1) Whether the plaintiff was contributorily negligent, and

"(2) If the plaintiff was negligent, whether this negligence should prevent a verdict in his favor." (Emphasis supplied.)

Plaintiff challenges the use of the word "should," contending that this court's opinion in *Manhattan-Dickman Construction Co. v. Shawler,* 113 Ariz. 549, 558 P.2d 894 (1976) required reversal if "should" is used. We disagree. Both the Court of Appeals and this court have repeatedly approved use of "should" in the contributory negligence instruction. *See Brierley v. Anaconda Co.,* 111 Ariz. 8, 522 P.2d 1085 (1974); *Mantovani v. Green,* 90 Ariz. 376, 368 P.2d 448 (1962); *Layton v. Rocha,* 90 Ariz. 369, 368 P.2d 444 (1962); *Steed v. Cuevas, supra; Purchase v. Mardian Construction Co., Inc.,* 21 Ariz.App. 435, 520 P.2d 529 (1974); *Rhind v. Kearney,* 21 Ariz. App. 570, 521 P.2d 1148 (1974); *Shaya v. Petzoldt,* 21 Ariz.App. 91, 515 P.2d 1189 (1973); *Anderson v. Gobea,* 18 Ariz.App. 277, 501 P.2d 453 (1972); *Winchester v. Palko,* 18 Ariz.App. 534, 504 P.2d 65 (1972); *Malinski v. Pember,* 9 Ariz.App. 444, 453 P.2d 540 (1969).

We find no error.

Plaintiffs also assert as error the trial court's failure to instruct on proper lookout.[2] Instead the trial court gave RAJI Negligence 14:

1. We note here that Evidence Rule 403, 17A A.R.S., which allows the exclusion of evidence if its probative value is outweighed by the danger of unfair prejudice, was not in effect at the time of the trial. Wright and Graham, *Federal Practice and Procedure* Vol. 22 § 5215, suggest that "unfair prejudice" refers to the unfair advantage that results from the capacity of the evidence to persuade by illegitimate means, including emotionalism. There would certainly be a tendency for this piece of evidence to persuade by emotionalism. Plaintiffs' point in regard to the defendant's state of mind was made by her statement that she was going to his house. Further elaboration was unnecessary.

2. Plaintiffs wanted either of these two instructions:

"Plaintiffs' Requested Instruction No. 2.

"The driver of an automobile at night is guilty of negligence if he collides with an object which he has failed to see and which an ordinarily prudent driver under like circumstances would have seen."

"Plaintiffs' Requested Instruction No. 7.

"It is the duty of every motorist at all times to keep and maintain proper lookout for other vehicles and persons upon the highway. A driver has the obligation to make such observation as will enable him to see what a person in the exercise of ordinary care could and should have seen under the circumstances then and there existing.

"Thus a driver is negligent if he collides with an object or person which he has failed to see and which an ordinarily prudent driver, under like circumstances, would have seen.

"A driver may assume that another motorist will proceed in a lawful manner and obey the laws of the road. He may act on that assumption unless it should become apparent to him, acting as a reasonably careful person, that the other motorist is not going to obey the laws of the road.

"All drivers have a continuing duty to make that degree of observation which a reasonably careful person would make under similar circumstances."

The instruction given covers the areas of right-of-way, lookout and presumption that other drivers will comply with the law. *See Nichols v. City of Phoenix*, 68 Ariz. 124, 202 P.2d 201 (1949). Plaintiffs cite no authority which is contrary to the law set forth in the instruction given. Plaintiffs rely on the bare assertion that their instruction should have been given. There was no error in refusing to give the requested instructions. *Cf. Kelch v. Courson*, 103 Ariz. 576, 447 P.2d 550 (1968).

Plaintiffs also object to the trial court's refusal to give plaintiffs' requested instruction on foreseeability. As pointed out in *Tucker v. Collar*, 79 Ariz. 141, 285 P.2d 178 (1955), foreseeability is an element of negligence. The duty to act or refrain from acting arises from the anticipation or realization of harm. *Arizona Public Service Co. v. Brittain*, 107 Ariz. 278, 486 P.2d 176 (1971). The problem of instructing juries in terms of reasonable anticipation, probabilities, possibilities, etc., results in more confusion than help. *Arizona Public Service Co. v. Brittain, supra.* Considering the issues and circumstances presented by the evidence in this case the instructions given, taken as a whole, were adequate to instruct the jury, and there was no error in refusing the plaintiffs' requested instruction.

Plaintiffs' last assignment of error concerns the trial court's failure to give an instruction which contained A.R.S. § 28–701(A) on imprudent speed. In this regard plaintiffs assert that defendant was "over-

"If you find that the defendant, RACHAEL BRIGGS, negligently failed to make such observations, and further find that such negligence

driving" her headlights. Assuming arguendo that this would constitute a violation of the statute, the record on appeal does not support this proposition. Defendant did testify that she was driving with her headlights on low but there was no evidence as to how far her low beams could illuminate. The only other testimony on this subject concerned the statutory requirement for the number of feet the low beams must illuminate and the stopping distance for a car traveling at the speed she was estimated to have been traveling. By all accounts her speed was less than the posted speed.

In view of the lack of evidence on this point, we find no error in the trial court's refusal to give this instruction.

Judgment affirmed.

STRUCKMEYER, C. J., and GORDON, J., concur.

was the proximate cause of plaintiffs' injuries, then your verdict should be for the plaintiffs."