NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

### DIVISION ONE

In re the Matter of:

S. JAFFREY KAZI, *Petitioner/Appellee,*

*v.*

HALA SALEEM, *Respondent/Appellant.*

No. 1 CA-CV 16-0475 FC
FILED 6-8-2017

Appeal from the Superior Court in Maricopa County
No. FC2014-000776
The Honorable Timothy J. Thomason, Judge

**AFFIRMED**

COUNSEL

Gregg R. Woodnick, PLLC, Phoenix
By Leslie A.W. Satterlee, Markus W. Risinger, Gregg R. Woodnick
*Counsel for Petitioner/Appellee*

Hala Saleem, Pleasanton, California
*Respondent/Appellant*

**MEMORANDUM DECISION**

Judge Lawrence F. Winthrop delivered the decision of the Court, in which
Presiding Judge Samuel A. Thumma and Judge James P. Beene joined.

**W I N T H R O P**, Judge:

¶1   Hala Saleem ("Mother") appeals the family court's orders modifying legal decision-making and parenting time, denying her motion for new trial, and awarding attorneys' fees to S. Jaffrey Kazi ("Father"). For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2   The parties have one child in common, born in June 2005. During a lengthy custody proceeding in California, Mother made several allegations that Father was sexually abusing the child. After a twenty-one-day trial, the California superior court found the allegations unsubstantiated and awarded the parties joint legal custody. Father received physical custody of the child in Arizona; Mother received parenting time in California two weekends per month during the school year and alternating weeks during the summer. The court also ordered that the child see a therapist who would "provide a safe haven [and assist the child] in adjusting to the new custodial arrangement." Father registered the custody order in Arizona. *See* Ariz. Rev. Stat. ("A.R.S.") § 25-1055 (2017).[1]

¶3   On March 28, 2015, Mother contacted the Scottsdale Police Department and reported that Father had physically and sexually abused the child. The child submitted to a forensic interview and medical examination, and the Arizona Department of Child Safety ("DCS") took temporary custody of the child, placing her in a foster home before finding a placement with a paternal aunt. After a team decision meeting four days later, DCS concluded the allegations were unsubstantiated and returned the child to Father's care. No criminal charges were filed, and Scottsdale police listed the case as inactive.

¶4   On April 3, 2015, Father filed a petition to modify legal decision-making and parenting time in Arizona, alleging a change in circumstances based on the March 28, 2015 allegation.[2] The court issued

---

[1]  We cite the current version of the applicable statutes because no revisions material to this decision have occurred since the court's orders.

[2]  Arizona's juvenile court had jurisdiction under the Uniform Child Custody Jurisdiction and Enforcement Act because the California superior court stayed its jurisdiction to allow the matter to proceed in Arizona. *See* A.R.S. §§ 25-1031 to -1040 (2017); *see also* Cal. Fam. Code §§ 3421 to 3430 (West 2017).

temporary orders giving Father sole legal decision-making authority, suspending Mother's parenting time, and appointing a therapeutic interventionist ("TI") to make recommendations on parenting time. Mother refused to participate in the therapeutic intervention process, however, and, on November 10, 2015, the family court affirmed the temporary orders. At the same time, the court encouraged Mother to meet with the TI, suggesting Mother could receive supervised parenting time "in fairly short order" if she were to do so. The court appointed Dr. Bettina Lehnert as the child's safe-haven therapist.

¶5        On April 4, 2016, following a one-day evidentiary hearing, the family court found that, based on the evidence presented, "Father did not molest [the child]." Although the court could not find "that Mother created these allegations and put them in [the child's] head," the court did find that "Mother's behavior is troubling." The court concluded a change in circumstances supported a change of legal decision-making and parenting time and, after considering the relevant factors, ordered that Father have sole legal decision-making authority. *See* A.R.S. §§ 25-403 (2017), -403.01 (2017), -403.03 (2017). Regarding parenting time, the court concluded unsupervised parenting time with Mother would endanger the child's physical, mental, moral, or emotional health. The court also stated:

> The California Court did not impose supervised parenting time . . . . Since then, the minor Child has been subjected to another sexual assault examination, forensic interview and removal from her parent's care as a result of Mother's disturbing behaviors. It appears to this Court that therapeutic supervision is critical to protect this Child from further trauma caused by Mother.

The court reaffirmed the appointment of the TI, but suggested Mother could propose a different TI if she wished. The court also acknowledged that "prompt steps" toward reunification were in the child's best interest, and indicated it would promptly consider a request for parenting time if Mother participated in the therapeutic intervention process. The court also stated:

> The Court is not deferring authority to the [TI]. The initial appointment stated that the [TI] was appointed to make recommendations to the Court about parenting time. The Court is looking to the [TI] for recommendations. The Court will make final decisions on parenting time.

After considering the parties' respective financial positions, the court awarded Father reasonable attorneys' fees based on the unreasonable positions taken by Mother in the case. *See* A.R.S. § 25-324 (2017).

**¶6** On July 8, 2016, the family court denied Mother's motion for new trial and awarded Father $40,000 in attorneys' fees. *See* Ariz. R. Fam. Law P. ("Rule") 81. We have jurisdiction over Mother's timely appeal pursuant to A.R.S. § 12-2101(A)(2), (5)(a) (2016).

**ANALYSIS**

### I.     *Legal Decision-Making and Parenting Time*

**¶7** We review the family court's legal decision-making and parenting time orders for an abuse of discretion. *See Owen v. Blackhawk*, 206 Ariz. 418, 420, ¶ 7, 79 P.3d 667, 669 (App. 2003). We will not reweigh the evidence, and we will affirm if substantial evidence supports the court's ruling. *Hurd v. Hurd*, 223 Ariz. 48, 52, ¶ 16, 219 P.3d 258, 262 (App. 2009).

#### A.     *Material Change in Circumstances*

**¶8** Mother argues there were no changed circumstances supporting consideration of Father's petition to modify.

**¶9** When considering a petition to modify legal decision-making and parenting time, the family court must find a "material change in circumstances affecting the welfare of the child" before determining whether modification is in the child's best interest. *Vincent v. Nelson*, 238 Ariz. 150, 155, ¶ 17, 357 P.3d 834, 839 (App. 2015) (citing *Canty v. Canty*, 178 Ariz. 443, 448, 874 P.2d 1000, 1005 (App. 1994)); *accord Christopher K. v. Markaa S.*, 233 Ariz. 297, 300, ¶ 15, 311 P.3d 1110, 1113 (App. 2013). The family court has broad discretion to determine whether a change in circumstances has occurred, and we will not disturb its decision absent an abuse of discretion. *Pridgeon v. Superior Court*, 134 Ariz. 177, 179, 655 P.2d 1, 3 (1982).

**¶10** Put simply, Mother claims nothing has "changed," i.e., Father was abusing the child before and he continues to abuse her now. *Cf. Richards v. Richards*, 137 Ariz. 225, 226, 669 P.2d 1002, 1003 (App. 1983) (explaining that changed circumstances supporting modification of spousal maintenance are proven by a comparison with the circumstances existing at the time of the original award). But the record contains no evidence this claim has been substantiated by any law enforcement or child welfare agency or in any legal proceeding. Accordingly, the family court properly

considered Mother's March 2015 report to be a new allegation of abuse against Father, which supported the court's finding of a material change in circumstances.

### B.     *Finding That Father Did Not Abuse the Child*

**¶11**     Mother challenges the family court's finding that Father did not abuse the child, urging the court should have given more weight to the child's forensic interview. Clearly, the court found "disturbing" "the incredible level of detail and the things that [the child] was able to say" during the interview. Again, however, we will not reweigh the conflicting evidence and will defer to the family court to decide witnesses' credibility and the weight to give the evidence. *See Hurd*, 223 Ariz. at 52, ¶ 16, 219 P.3d at 62; *Gutierrez v. Gutierrez*, 193 Ariz. 343, 347, ¶ 13, 972 P.2d 676, 680 (App. 1998). Moreover, the evidence reasonably supports the court's finding. *See Vincent*, 238 Ariz. at 155, ¶ 17, 357 P.3d at 839.

### C.     *Supervised Parenting Time Conditions*

**¶12**     Mother argues the family court denied her supervised parenting time without making the requisite findings. The court may restrict parenting time when it finds "the parenting time would endanger seriously the child's physical, mental, moral or emotional health." A.R.S. § 25–411(J) (2017); *see also* A.R.S. § 25-403.01(D).[3] We review an order restricting parenting time for an abuse of discretion. *See Hart v. Hart*, 220 Ariz. 183, 187, ¶ 15, 204 P.3d 441, 445 (App. 2009); *Baker v. Meyer*, 237 Ariz. 112, 116, ¶ 10, 346 P.3d 998, 1002 (App. 2015). In explaining its decision to restrict Mother's parenting time, the court concluded that "frequent, meaningful and continuing *unsupervised* parenting time with Mother, at this time, would endanger the Child's physical, mental, moral or emotional health." (Emphasis added.) The court did not deny supervised parenting time; instead, it conditioned supervised parenting time on Mother's participation in the therapeutic intervention process.

---

[3]     Section 25-403.01(D) provides:

> A parent who is not granted sole or joint legal decision-making is entitled to reasonable parenting time to ensure that the minor child has substantial, frequent, meaningful and continuing contact with the parent unless the court finds, after a hearing, that parenting time would endanger the child's physical, mental, moral or emotional health.

**¶13** Next, Mother argues the family court lacked authority to order her to meet with a TI as a condition for parenting time. The court may require a party to engage in services such as therapeutic intervention and therapeutic supervised parenting time. Ariz. R. Fam. Law P. 95(A), (D). Mother suggests this condition amounts to a deprivation of her fundamental right to the care, custody, and control of the child. *See generally Santosky v. Kramer*, 455 U.S. 745, 753-54 (1982). We disagree. Mother offers no persuasive explanation why she would not have been given parenting time after meeting with the TI, particularly considering the court's determination that reunification was in the child's best interest.

**¶14** Finally, Mother argues the family court impermissibly delegated a decision on parenting time to the TI. *See DePasquale v. Superior Court*, 181 Ariz. 333, 336, 890 P.2d 628, 631 (App. 1995) ("[A] court can neither delegate a judicial decision to an expert witness nor abdicate its responsibility to exercise independent judgment."). Mother does not explain how the court delegated a judicial decision to the TI; indeed, the court expressly stated it, not the TI, would decide parenting time. Because the family court may seek professional advice on child custody issues, *see* A.R.S. §§ 25-405(B) (2017), -406 (2017); *Hays v. Gama*, 205 Ariz. 99, 102, ¶ 15, 67 P.3d 695, 698 (2003), Mother has shown no error on this basis.

### D. *Hearsay Evidence*

**¶15** Mother argues the family court erred by admitting over her objection four letters from Dr. Lehnert raising concerns about "further emotional abuse" by Mother and recommending she resume contact with the child only "in a therapeutic context."

**¶16** We will not disturb the family court's ruling on the admissibility of evidence absent an abuse of discretion and resulting prejudice. *Selby v. Savard*, 134 Ariz. 222, 227, 655 P.2d 342, 347 (1982). We will not presume prejudice; instead, prejudice must affirmatively appear from the record. *Rimondi v. Briggs*, 124 Ariz. 561, 565, 606 P.2d 412, 416 (1980). We review *de novo* questions of law related to the admissibility of evidence. *State v. Leteve*, 237 Ariz. 516, 523, ¶ 18, 354 P.3d 393, 400 (2015).

**¶17** Mother waived any argument based on hearsay when she failed to seek strict compliance with the Arizona Rules of Evidence by

invoking Rule 2, Ariz. R. Fam. Law P.[4]  To the extent Mother's objection went to reliability, *see* Ariz. R. Fam. Law P. 2(B)(2), "[h]earsay evidence is considered reliable where the circumstances tend to establish that the evidence offered is trustworthy," *State v. Snider*, 172 Ariz. 163, 164, 835 P.2d 495, 496 (App. 1992) (citing *Wieseler v. Prins*, 167 Ariz. 223, 227, 805 P.2d 1044, 1048 (App. 1990)).  Although Mother argued Dr. Lehnert acted beyond her authority as the child's safe-haven therapist in making recommendations on custody and parenting time, Mother offers no persuasive explanation why the letters were untrustworthy.  Moreover, Dr. Lehnert's concerns were introduced as part of the DCS case event summary, which was admitted in evidence without objection relevant to this appeal as (Father's) Exhibit 8 and (Mother's) Exhibit 31.[5]  Thus, Mother has not shown exclusion of the letters would have changed the outcome.  *See Selby*, 134 Ariz. at 227, 655 P.2d at 347.

¶18        Mother also argues the family court erred by relying on hearsay statements in Exhibit 8, in which the child recanted the allegations of abuse.  Mother did not timely object on this basis,[6] and we generally do not consider an argument raised for the first time on appeal.  *See Cullum v. Cullum*, 215 Ariz. 352, 355 n.5, ¶ 14, 160 P.3d 231, 234 n.5 (App. 2007).  Further, Mother's Exhibit 31 contains the same narrative as Exhibit 8, so no prejudice appears from the record.  *See Rimondi*, 124 Ariz. at 565, 606 P.2d at 416.

---

[4]        A party may require strict compliance with the Arizona Rules of Evidence by filing a notice to that effect at least forty-five days before trial.  Ariz. R. Fam. Law P. 2(B)(1).  If no notice is filed, relevant evidence is admissible, unless its probative value is outweighed by a danger of unfair prejudice, confusing the issues, undue delay, wasting time, needlessly presenting cumulative evidence, lack of reliability, or lack of adequate and timely disclosure.  Ariz. R. Fam. Law P. 2(B)(2).

[5]        Mother objected to Exhibit 8, but only on the basis there were more redactions on Exhibit 8 than Exhibit 31.  The family court admitted both exhibits.

[6]        Mother states she objected "during the hearing"; however, she cites to the November 10, 2015 temporary orders hearing, where she objected because "DCS has no right to just go talk to [the child] without videotaping her" and "this interview has no forensic value."

## II.   Attorneys' Fees in Family Court

**¶19**      Mother argues the family court erred in awarding attorneys' fees to Father. The court may award reasonable attorneys' fees "after considering the financial resources of both parties and the reasonableness of the positions each party has taken throughout the proceedings." A.R.S. § 25-324(A). We review an award of attorneys' fees for an abuse of discretion. *MacMillan v. Schwartz*, 226 Ariz. 584, 592, ¶ 36, 250 P.3d 1213, 1221 (App. 2011). We view the record in the light most favorable to upholding the award, and will affirm if any reasonable evidence in the record supports the court's decision. *Mitchell v. Mitchell*, 152 Ariz. 317, 323, 732 P.2d 208, 214 (1987).

**¶20**      The record indicates Mother has substantial financial resources. In concluding Mother acted unreasonably, the family court considered she (1) failed to appear for a temporary orders hearing, (2) failed to participate in the therapeutic intervention process, (3) made false allegations against Father, and (4) refused to develop a relationship with the child. Although Mother suggests this conduct was not objectively unreasonable, *see In re Marriage of Williams*, 219 Ariz. 546, 548, ¶ 10, 200 P.3d 1043, 1045 (App. 2008) (explaining that an objective standard applies in considering reasonableness), the family court was in the best position to observe and assess the parties' conduct, *MacMillan*, 226 Ariz. at 592, ¶ 38, 250 P.3d at 1221. Because the record supports the court's findings, we cannot say the court abused its discretion in awarding fees based on the unreasonableness of Mother's positions.

## CONCLUSION

**¶21**      For the foregoing reasons, we affirm. Father requests an award of attorneys' fees incurred on appeal pursuant to A.R.S. § 25-324, arguing Mother has "exceptional financial resources" and continues to act unreasonably. In the exercise of our discretion, we award Father an amount of his reasonable attorneys' fees upon compliance with Rule 21, ARCAP. As the prevailing party, Father is also entitled to his taxable costs on appeal upon compliance with Rule 21.