NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In re the Matter of:

PANLADA CHONGTANALERTPORN,
*Petitioner/Appellant*,

*v.*

DAVID CHRISTOPHER BROCATO,
*Respondent/Appellee*.

No. 1 CA-CV 20-0238 FC

FILED 1-26-2021

Appeal from the Superior Court in Maricopa County
No. FC2018-055145
The Honorable Alison Bachus, Judge

**AFFIRMED AS MODIFIED**

COUNSEL

Strong Law, Scottsdale
By Marc R. Grant, Jr.
*Counsel for Petitioner/Appellant*

Lasiter & Jackson PLLC, Phoenix
By Nicole Porter Lasiter
*Counsel for Respondent/Appellee*

---

**MEMORANDUM DECISION**

Judge Samuel A. Thumma delivered the decision of the Court, in which Presiding Judge Kent E. Cattani and Chief Judge Peter B. Swann joined.

---

**T H U M M A**, Judge:

¶1 Panlada Chongtanalertporn (Mother) appeals the superior court's rulings regarding the use of an interpreter during the dissolution trial and the requirement that Mother complete a psychological evaluation and anger management counseling before filing a non-emergency petition to modify the legal decision-making or parenting time orders in the decree. The court appropriately addressed the issues with the interpreter, but the restrictions on Mother's ability to file a petition to modify deviate from Arizona Revised Statutes (A.R.S.) section 25-411. Accordingly, the restrictions on Mother's ability to file a petition to modify are stricken and the decree is affirmed as modified.

**FACTS AND PROCEDURAL HISTORY**

¶2 In 2018, Mother petitioned to dissolve her four-year marriage to David Christopher Brocato (Father) and sought sole legal decision-making authority for their minor child. Mother requested a Thai language interpreter for the trial and the court promptly appointed one. Before Mother testified, however, her attorney asked if Mother could use the interpreter as needed rather than have a continuous interpretation because Mother speaks "some English." The court denied that request and required the interpreter to translate the entire proceeding. Mother claimed confusion listening to both English and Thai. On the second day of trial, the court denied Mother's request to dismiss the interpreter entirely. The court instructed Mother to listen to the Thai interpretation to avoid confusion.

¶3 After trial, the court issued a decree of dissolution awarding the parties joint legal decision-making authority, with the child to live with Father in Colorado and Mother having long distance parenting time. The decree required Mother to undergo a psychological evaluation and complete six hours of anger management counseling. Absent an emergency, the decree precluded Mother from petitioning to modify legal decision-making or parenting time until she completed a psychological evaluation and counseling.

¶4            This court has jurisdiction over Mother's timely appeal pursuant to Article 6, Section 9, of the Arizona Constitution and A.R.S. §§ 12-120.21(A)(1) and -2101(A)(1)(2021).[1]

## DISCUSSION

### I.      The Court Did Not Err by Denying Mother's Request to Limit the Use of the Interpreter.

¶5            Mother contends the superior court violated her due process rights when it required her to use the interpreter during the entire proceeding. Due process claims are issues of law, reviewed de novo. *Mack v. Cruikshank,* 196 Ariz. 541, 544 ¶ 6 (App. 1999).

¶6            "'The fundamental requirement of due process is the opportunity to be heard "at a meaningful time and in a meaningful manner."'" *Dep't of Child Safety v. Beene,* 235 Ariz. 300, 305 ¶ 11 (App. 2014) (quoting *Mathews v. Eldridge,* 424 U.S. 319, 333 (1976)). "The determination of whether there has been a denial of due process depends upon the nature of the proceedings, the private interests at stake, the interests of the state, and the risk that the procedures used will lead to erroneous decisions." *Matter of Maricopa Cty. Juv. Action No. JD-561*, 131 Ariz. 25, 27 (1981) (citing *Lassiter v. Dep't of Soc. Servs. of Durham Cty.*, 452 U.S. 18 (1981)). Mother has not shown the procedure used led to an erroneous decision.

¶7            Mother claims she understands English and wanted to use the interpreter only if she did not understand something. She contends that she should have been able to waive her right to a "continuous translation." Mother admittedly understands basic English but not "formal" or "difficult" words. Thus, by her own admission, the court properly could conclude Mother needed an interpreter.

¶8            The court was within its discretion to require a continuous interpretation rather than grant Mother's request for an as needed or standby interpreter. The court indicated at the outset, based on its prior experience, that the interruptions caused by such a procedure can be cumbersome or result in excessive delays. Furthermore, given Mother's admission that she does not fully understand English, the court properly denied her request to dismiss the interpreter. This eliminated the risk of Mother not understanding something in the proceedings.

---

[1] Absent material revisions after the relevant dates, statutes and rules cited refer to the current version unless otherwise indicated.

**¶9**      Mother has also failed to show prejudice by the procedure used. *Volk v. Brame,* 235 Ariz. 462, 470 ¶ 26 (App. 2014) (holding a due process violation must be prejudicial to warrant reversal). Prejudice will not be presumed but must "affirmatively appear from the record." *Rimondi v. Briggs,* 124 Ariz. 561, 565 (1980). Mother claims the continuous interpretation "unnecessarily abridged [her] ability to be heard, offer testimony, and participate in her counsel's cross examination of adverse witnesses." Yet, when Mother expressed confusion or misunderstanding, the attorneys rephrased or repeated the questions, and Mother was able to answer. Mother never suggested she did not understand the testimony from the other witnesses or show how her participation was "abridged." Mother has identified no portion of the proceedings which she did not understand. On this record, she has shown no prejudice.

## II.      Limitations on Mother's Ability to File a Petition to Modify Were Improper.

**¶10**      The decree orders Mother to undergo a psychological evaluation and complete six hours of anger management counseling.[2] The decree also provides that, "[b]arring an emergency, Mother *shall not* file a petition to modify legal decision-making or parenting time without providing documentation" that she completed these requirements, and "[a] petition to modify filed before documentation showing completion of those two requirements *may be summarily denied*." (Emphasis added). This court reviews legal decision-making and parenting time orders for an abuse of discretion, recognizing legal issues are reviewed de novo. *Engstrom v. McCarty,* 243 Ariz. 469, 471 ¶ 4 (App. 2018).

**¶11**      Mother contends this language violates A.R.S. § 25-411, which authorizes a motion to modify legal decision-making or parenting time whenever "there is reason to believe the child's present environment may seriously endanger the child's physical, mental, moral, or emotional health." A party may also seek modification at any time if there is evidence of domestic violence or abuse. *Id.* However, a parent must wait six months to file a petition based on the other parent's failure to comply with court

---

[2] Mother's reply brief asserts, for the first time, that the court lacked authority to require her to undergo an evaluation or complete counseling. This issue is waived. *See Johnson v. Provoyeur,* 245 Ariz. 239, 243 n.5 ¶ 13 (App. 2018) (issues first raised in a reply brief are waived). Even if it had not been waived, the court does have such authority. *See* Ariz. R. Fam. L.P. 95(b).

orders. *Id.* Section 25-411(L) requires a parent petitioning to modify to submit an affidavit or verified petition setting forth facts supporting the motion, which the court "shall deny" unless the pleadings show adequate cause for a hearing.

**¶12** Father argues the decree does not violate A.R.S. § 25-411 because Mother can file an emergency petition regardless of her compliance. He also contends the order does not limit Mother's rights to petition because the decree uses permissive language — it states that a petition filed before completion of the requirements "may be summarily denied." However, the statute allows a party to file a petition to modify if the other parent fails to comply with custody orders. *See* A.R.S. § 25-411(A). If Father fails to comply with a custody order before Mother completes the evaluation and counseling requirements, the decree, as written, provides another basis for the court to deny Mother's petition not included in the statute.

**¶13** Father contends the court had authority to impose this additional requirement. The requirements for a petition to modify, however, are set forth in § 25-411. The time frames and the cause requirement act as a threshold to "'prevent repeated or insubstantial motions for modification.'" *In re Marriage of Dorman,* 198 Ariz. 298, 302 ¶ 9 (App. 2000) (quoting Uniform Marriage and Divorce Act § 410, cmt. 9A U.L.A. 538 (1998)). These statutory requirements balance the competing interests of "the need for stability in the child's life versus the need to change a previous order if that is necessary to place the child in a more suitable environment." *Canty v. Canty,* 178 Ariz. 443, 447 (App. 1994). The decree, however, improperly imposed additional requirements.

**¶14** The decree's language appears to be designed to compel Mother's compliance with the order to undergo an evaluation and complete counseling. However, compliance may be compelled in other ways that do not also limit Mother's statutory right to file a petition to modify, such as a petition to enforce or a motion for contempt. *See* Ariz. R. Fam. L.P. 91 and 92; *see also Hays v. Gama*, 205 Ariz. 99, 104 ¶ 23 (2003) (holding sanctions excluding evidence improperly restricted the court's ability to consider the best interests of the child and should not have been imposed when other sanctions were available to vindicate the court's authority). Here, the language in the decree was unnecessary for the court to vindicate its authority because there are sufficient other means to compel Mother's compliance. *Id.*

¶15     For these reasons, the following language in the decree is vacated:

> Barring an emergency, Mother shall not file a petition to modify legal decision-making or parenting time without providing documentation of (1) the completed psychological evaluation (showing that Mother provided a copy of this decree to the examiner) and (2) completion of anger management counseling. A petition to modify filed before documentation showing completion of those two requirements may be summarily denied.

In all other respects, the decree is affirmed. *See Acuna v. Kroak,* 212 Ariz. 104, 115 n.15 ¶ 42 (App. 2006) (holding court of appeals has authority to modify a judgment under A.R.S. § 12-2103(A)).

¶16     Finally, Mother asks this court to vacate the award of attorneys' fees in the decree, but she has failed to cite relevant portions of the record or legal authority to support this argument. Therefore, this argument is waived. *See* ARCAP 13(a)(7)(A); *State Farm Mut. Auto. Ins. Co. v. Novak,* 167 Ariz. 363, 370 (App. 1990).

¶17     Both parties request an award of attorneys' fees. Because neither took an unreasonable position on appeal, and there is no evidence of a financial disparity, these competing requests are denied. *See* A.R.S. § 25-324. Mother, however, is awarded her taxable costs on appeal contingent upon her compliance with ARCAP 21.

## CONCLUSION

¶18     The decree is affirmed as modified.



AMY M. WOOD • Clerk of the Court
FILED:    AA